1  KEITH A. JACOBY, Bar No. 150233
   GREGORY P. WONG, Bar No. 204502
2  CARLOS JIMENEZ, Bar No. 227534
   LITTLER MENDELSON
3  A Professional Corporation
   2049 Century Park East
4  5th Floor
   Los Angeles, CA  90067.3107
5  Telephone:  310.553.0308
   Facsimile:   310.553.5583
6  E-mail: kjacoby@littler.com
   E-mail: gwong@littler.com
7  E-mail: cajimenez@littler.com

8  Attorneys for Defendant
   CENTRAL PARKING SYSTEM, INC.

9

```
                       FILED
           CLERK U.S. DISTRICT COURT

                   SEP 1 3 2012

           CENTRAL DISTRICT OF CALIFORNIA
           BY                      DEPUTY
```

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12  OSCAR MUNOZ, individually, and on         Case No.
    behalf of all others similarly situated,
13                                            CV12-07929 DDP(RZx)
              Plaintiff,
14                                            DEFENDANT'S NOTICE OF
15  v.                                        REMOVAL OF CIVIL ACTION TO
                                              FEDERAL COURT
16  CENTRAL PARKING SYSTEM,
    INC., a Tennessee corporation; and        [28 U.S.C. §§1332, 1441 & 1446]
17  DOES 1 through 10, inclusive,
                                              Complaint Filed:  July 7, 2010
18            Defendants.

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR
2  THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF OSCAR MUNOZ
3  AND HIS ATTORNEYS OF RECORD:

4       **PLEASE TAKE NOTICE** that Defendant Central Parking System, Inc.
5  ("Defendant"), by and through its undersigned counsel, hereby removes the above-
6  captioned action from the Superior Court in the State of California for the County of
7  Los Angeles to the United States District Court for the Central District of California.
8  This removal is based on 28 U.S.C. sections 1332(d), 1441 and 1446 and, specifically,
9  on the following grounds:

**I.**

**STATEMENT OF JURISDICTION**

12       1.    This Court has original jurisdiction over this action pursuant to the Class
13  Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts
14  with original jurisdiction of any civil action: (a) that is a class action with a putative
15  class of more than a hundred members; (b) in which any member of a class of
16  plaintiffs is a citizen of a State different from any defendant; and (c) in which the
17  matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest
18  and costs. *See* 28 U.S.C. §1332(d).  CAFA authorizes removal of such actions in
19  accordance with United States Code, title 28, section 1446.  Here, as set forth below,
20  this case meets all of CAFA's requirements for removal because the proposed class
21  contains at least 100 members, there is diversity between at least one class member,
22  and one defendant, and Plaintiff Oscar Munoz ("Plaintiff") has admitted that the
23  amount in controversy for all exceeds $5 million.  *See* 28 U.S.C. § 1332(d).
24  Therefore, jurisdiction properly lies with this Court.

**II.**

**VENUE**

27       2.    This action was filed in the Superior Court of California for the County
28  of Los Angeles.  Venue properly lies with the United States District Court for the

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

2.

Central District of California – Western Division as the district and division embracing the place where the Action is pending.  *See* 28 U.S.C. §§ 84(a) and 1441(a).  Plaintiff was employed by Defendant in the County of Los Angeles and a substantial part of the alleged acts and omissions claimed in the Complaint occurred in this same county. *See* Complaint at ¶4, 28 U.S.C. §1391(a).

## III.

## PLEADINGS, PROCESS AND ORDERS

### A.     Initial Removal of Action, and Subsequent Remand.

3.     This lawsuit arises out of Plaintiff's employment with Defendant.  On July 7, 2010, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled *OSCAR MUNOZ, individually, and on behalf of all others similarly situated, v. CENTRAL PARKING SYSTEM, INC., a Tennessee corporation; and DOES 1 through 10, inclusive*, Case No. BC441087 (herein referred to as the "Complaint").  True and correct copies of the Summons, Complaint, and Civil Case Cover Sheet are attached to this Notice as **Exhibit "A"** pursuant to 28 U.S.C. §1446(a).

4.     Plaintiff's Complaint sets forth six (6) purported causes of action for: (1) Failure To Pay Minimum Wage; (2) Failure To Pay Overtime Compensation; (3) Failure To Provide Meal Periods; (4) Violation of Wage Order §5 (Failure to pay "reporting time" pay); (5) Failure To Provide Accurate Itemized Wage Statements; and (6) Unfair Business Practices under California Business and Professions Code section 17200. (Complaint; **Exhibit "A"**).

5.     This case has been brought as a class-action lawsuit alleging various violations of the California Labor Code on behalf of a class defined as:

> All current and/or former employees of CENTRAL PARKING who were employed by CENTRAL PARKING in the State of California as non-exempt hourly paid employees at CENTRAL PARKING locations at any time during the period commencing four years prior to the fling of the Complaint until the date Notice of Class Certification is mailed.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

3.

(Complaint ¶ 18; **Exhibit "A"**).

6.      Plaintiff has not amended his Complaint to name Does defendants 1 through 10, nor has he filed or served any documents identifying the Doe defendants or giving notice that the Doe defendants have been served.

7.      Since the Doe defendants have not yet been served, they are not required to join or consent to Defendant's Notice of Removal. *Salveson v. Western States Bankcard Assoc.,* 731 F.2d 1426, 1429 (9th Cir. 1984) (named defendants not  yet served in state court action need not join the Notice of Removal).

8.      On July 16, 2010, the Los Angeles County Superior Court issued an order designating this matter as non-complex and transferring the case internally from the complex division to Judge Mel Red Recana. (*See* Declaration of Gregory P. Wong in Support of Notice of Removal of Civil Action to Federal Court ("Wong Decl.") ¶ 2). A true and correct copy of the Court's Minute Order is attached hereto as **Exhibit "B"** pursuant to 28 U.S.C. §1446(a).

9.      On August 11, 2010, the Los Angeles County Superior Court issued a Notice of Case Management Conference. (Wong Decl. ¶ 3). A true and correct copy of the Notice of Case Management Order is attached hereto as **Exhibit "C"** pursuant to 28 U.S.C. §1446(a).

10.     Defendant's agent for service of process was served on July 19, 2010. (Wong Decl. ¶ 4). A true and correct copy of the Proof of Service of Summons, which shows that Defendant was served on July 19, 2012 (filed by Plaintiff on August 13, 2010), is attached hereto as **Exhibit "D"** pursuant to 28 U.S.C. §1446(a).

11.     On August 18, 2010, Defendant removed this matter to the instant Court. (Wong Decl. ¶ 5; *see also* Document Nos. 1-5, on file with the Court).

12.     On August 19, 2010, Defendant filed and served Notice to Plaintiff and Counsel of Removal of Civil Action. (Wong Decl. ¶ 6; *see also* Document No. 7, on file with the Court).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

4.

13.     On August 19, 2010, Defendant filed a Notice to State Court and All Adverse Parties of Removal of Civil Action to Federal Court under 28 U.S.C. §§ 1332, 1441(b) & 1446. (Wong Decl. ¶ 7). A true and correct copy of Defendant's Notice to State Court and All Adverse Parties is attached hereto as **Exhibit "E"** pursuant to 28 U.S.C. §1446(a).

14.     On August 20, 2012, Defendant filed Proofs of Service regarding its removal documents and the Court's Standing Order. (Wong Decl. ¶ 8; *see also* Document Nos. 8-9, on file with the Court).

15.     On August 23, 2010, Defendant Answered Plaintiff's Complaint. (Wong Decl. ¶ 9; *see also* Document No. 11, on file with the Court).

16.     On August 24, 2010, the Court issued an Order scheduling the early meeting of counsel and a scheduling conference. (Wong Decl. ¶ 10; *see also* Document No. 12, on file with the Court).

17.     On August 30, 2010, the Court, *sua sponte*, remanded this matter back to the Los Angeles Superior Court, because "neither the 'four corners' of the Complaint nor the Notice of Removal contain sufficient allegations concerning the amount in controversy, Defendant has not met its burden to establish this Court's jurisdiction." (Wong Decl. ¶ 11; *see also* Document No. 13, on file with the Court).

18.     On or about August 31, 2010, Plaintiff re-served the Los Angeles Superior Court's Notice of Case Management Conference. (Wong Decl. ¶ 12). A true and correct copy of Plaintiff's Notice Case Management Order is attached hereto as **Exhibit "F"** pursuant to 28 U.S.C. §1446(a).

19.     On or about September 16, 2010, the Court received Receipt of Copy of Remand Transmittal Letter from Los Angeles Superior Court. (Wong Decl. ¶ 13; *see also* Document No. 14, on file with the Court).

**B.    <u>Pertinent Filings Following Remand, Plaintiff's Motion for Class Certification And Supporting Declarations And Evidence.</u>**

20.     On November 7, 2011, the Los Angeles Superior Court signed-off on a

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

5.

1  Stipulated Protective Order.  ((Wong Decl. ¶ 16).  A true and correct copy of the

2  Stipulated Protective Order is attached as **Exhibit "G"** to the Wong Decl.

3      21.  On March 29, 2012, the Los Angeles Superior Court signed-off on a

4  Stipulation re Class Certification Briefing Schedule. (Wong Decl. ¶ 17).  A true and

5  correct copy of the Stipulation re Class Certification Briefing Schedule is attached as

6  **Exhibit "H"** to the Wong Decl.

7      22.  On July 20, 2012, the Los Angeles Superior Court signed-off on an

8  Amended Stipulation re Class Certification Briefing Schedule. (Wong Decl. ¶ 18). A

9  true and correct copy of the Amended Stipulation re Class Certification Briefing

10  Schedule is attached as **Exhibit "I"** to the Wong Decl.

11      23.  On August 17, 2012, Plaintiff filed his Notice of Motion and Motion for

12  Class Certification ("Motion") in the Los Angeles Superior Court. (Wong Decl. ¶ 19).

13  A true and correct copy of the Notice of Motion and Motion for Class Certification is

14  attached as **Exhibit "J"** to the Wong Decl.  With his Motion, Plaintiff admits that the

15  amount in controversy is well over $5 Million in unpaid wages (exclusive of penalties

16  and attorneys' fees). (*See* **Exhibit "J"** 1:8-9, and 4:15-16).

17      24.  On August 17, 2012, Plaintiff filed the Declaration of Linh Hua in

18  Support of Motion for Class Certification in the Los Angeles Superior Court. (Wong

19  Decl. ¶ 20).  A true and correct copy of the Declaration of Linh Hua in Support of

20  Motion for Class Certification is attached as **Exhibit "K"** to the Wong Decl.

21      25.  On August 17, 2012, Plaintiff filed the Declaration of Oscar Munoz in

22  Support of Motion for Class Certification in the Los Angeles Superior Court. (Wong

23  Decl. ¶ 21).  A true and correct copy of the Declaration of Oscar Munoz in Support of

24  Motion for Class Certification is attached as **Exhibit "L"** to the Wong Decl.

25      26.  On August 17, 2012, Plaintiff filed the Declaration of Robert L.

26  Fountain, Ph.D. Regarding Sample of Records in the Los Angeles Superior Court.

27  (Wong Decl. ¶ 22).  A true and correct copy of the Declaration of Robert L. Fountain,

28  Ph.D. Regarding Sample of Records is attached as **Exhibit "M"** to the Wong Decl.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

6.

1   Based on Dr. Fountain's analysis of the data provided to Plaintiff, Dr. Fountain

2   establishes that the amount in controversy is well over $5 Million in unpaid wages

3   (exclusive of penalties and attorneys' fees).  (*See* **Exhibit "M"** para. 11, and Ex 3.,

4   page 3, attached thereto).

5          27.    To Defendant's knowledge, no further process, pleadings, or orders

6   related to this case have been filed in Los Angeles County Superior Court.

7          28.    All documents filed with the Los Angeles Superior Court, for *Munoz v.*

8   *Central Parking Systems, Inc.* (LASC Case # BC441087), other than those

9   specifically identified as attached above, are attached to the Declaration of Carlos

10  Jimenez in Support of Notice of Removal of Civil Action to Federal Court ("Jimenez

11  Decl.") as **Exhibit "N"**.

12                                        **IV.**

13                        **TIMELINESS OF REMOVAL**

14         29.    The current petition for removal is timely filed as it is filed within thirty-

15  days of the date that Defendant first ascertained that the case is removable.  Under 28

16  U.S.C. § 1446(b), a defendant must file in the district court a notice of removal within

17  30 days after receipt of the first document in the state action that sets forth a

18  removable claim.  Where removability is uncertain, the 30-day period is measured

19  from receipt by a defendant of an amended pleading, motion, order or other paper

20  from which it may first be ascertained that the case is removable.  28 U.S.C. §

21  1446(b).[1]

22         30.    While section 1446(b) does not define "other paper," courts in the Ninth

23  Circuit have followed the "paper in the case" rule in order to determine when the

24  thirty-day provision begins to run.  *Walker v. Motricity, Inc.*, 627 F. Supp. 2d 1137,

25  ___

26  [1]  Generally, a case may not be removed on the basis of diversity jurisdiction more
    than one year after the commencement of the action.  28 U.S.C. §1446(c).  However,
    CAFA eliminates the one-year time limit and allows removal under CAFA more than

27  one year after the commencement of the action.  28 U.S.C. § 1453 (b); *see also*
    *Amoche v. Guar. Trust Life Ins. Co.*, 556 F. 3d 41, 53 (1st Dist. 2009) (class actions

28  under CAFA are exempt from the removal statute's one-year time limit).

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

7.

1142; 2009 U.S. Dist. LEXIS 57201, *12 (N.D. Cal., 2009) (internal citations omitted). The "paper in the case" rule requires that only official documents filed in the underlying state court matter be used as a basis for removal, and not documents filed in other cases. *Id.* "'Almost without exception, [courts] have held that the paper required in [section] 1446 must be a part of the underlying suit rather than an outside development in removal jurisdiction.'" *Id.*, citing to *Phillips v. Allstate Ins. Co.*, 702 F. Supp. 1466, 1468-69 (C.D. Cal. 1989).

31.     In this action, Defendant originally attempted to remove this case based on the allegations contained in the Plaintiff's original Complaint and various assumptions. (*See* Defendant's original Notice of Removal and supported documents filed with the Court on August 18, 2010 (Document Nos. 1-5, on file with the Court)). However, the Court remanded the case to State Court, *sua sponte*, ruling that Defendant did not meet its burden to establish this Court's jurisdiction. (Document No. 13, on file with the Court). Specifically, the Court found that Defendant failed to establish that the amount in controversy exceeds $5,000,000, because its calculations were based on unsupported assumptions and doubtful calculations, and are "not supported by any 'summary-judgment-type' evidence." (Document No. 13, on file with the Court). Based on this reasoning, the Court stated that "[b]ecause the 'four corners' of the Complaint nor the Notice of Removal contain sufficient allegations concerning the amount in controversy, Defendant has not met its burden to establish this Court's jurisdiction," and remanded this action to the Los Angeles County Superior Court. (Document No. 13, on file with the Court).

32.     Following remand, the parties engaged in limited discovery, focusing on evidence in support of Plaintiff's class allegations. (Wong Decl. ¶ 14). Defendant also produced large amounts of putative class member time and payroll data. (Wong Decl. ¶ 14). However, at no time prior to receiving Plaintiff's Motion (discussed below), did Defendant become aware that Plaintiff's theory of the case was based, almost exclusively, on Defendant's purported "seven-minute rounding rule." (Wong

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

8.

1   Decl. ¶ 15).   Nor was any discovery exchanged that would allow Defendant's to

2   ascertain that the amount in controversy exceeded $5 Million. (Wong Decl. ¶ 15).

3          33.    On August 17, 2012, Plaintiff filed and served his Motion and supporting

4   documents. (Wong Decl. ¶¶ 19-22, **Exhibits "J" – "M"**).   In support of his Motion,

5   Plaintiff also filed the Declaration of Robert L. Fountain, Ph.D. Regarding Sample of

6   Records.   (Wong Decl. ¶ 22, **Exhibit "M"**). Dr. Fountain's declaration has three

7   exhibits attached to it, one of which (Exhibit 3) is Dr. Fountain's report showing the

8   analysis of time rounding and meal periods he conducted.   (Wong Decl. ¶ 22, **Exhibit**

9   **"M"**).   With his Motion and supporting documents, Plaintiff has admitted that the

10  amount in controversy exceeds $5 Million. Indeed, Plaintiff admitted what is the

11  amount in controversy when he stated in his Motion that "[d]ue to this unlawful

12  rounding rule, [Defendant's] employees have lost over $5 Million in unpaid wages."

13  (Wong Decl. ¶ 19, **Exhibit "J"** 1:8-9, and 4:15-16).   This admission in bolstered by

14  Dr. Fountain's declaration, which also establishes that the amount in controversy is

15  well over $5 Million in unpaid wages (exclusive of penalties and attorneys' fees).

16  (Wong Decl. ¶ 22, **Exhibit "M"** para. 11, and Ex 3., page 3, attached thereto).   Thus,

17  for purposes of removal, there is no dispute that the amount in controversy exceeds $5

18  Million.

19         34.    More importantly, Plaintiff's Motion is the first "paper in the case" that

20  Defendant received that allowed it to ascertain that this case is removable, which in

21  turn caused the thirty-day provision to being to run. *Walker v. Motricity, Inc.*, 627 F.

22  Supp. 2d 1137, 1142 ("[w]hile section 1446(b) does not define "other paper," courts in

23  the Ninth Circuit have followed the "paper in the case" rule in order to determine

24  when the thirty-day provision begins to run:); *see also* 28 U.S.C. § 1446(c)(3)(A)

25  ("[i]f the case stated by the initial pleading is not removable solely because the

26  amount in controversy does not exceed the amount specified in section 1332(a),

27  information relating to the amount in controversy in the record of the State

28  proceeding, or in responses to discovery, shall be treated as an "other paper" under

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

9.

1  subsection (b)(3)").

2      35.    Accordingly, given that Plaintiff's August 17, 2012 Motion is the first

3  pleading or "other paper" that allowed Defendant to ascertain that this case was

4  removable, this removal is timely as a matter of law, because it is being removed prior

5  to September 16, 2012 (*i.e.*, within 30 days of Defendant's receipt of an amended

6  pleading, motion, order or other paper from which it may first be ascertained that the

7  case is removable).[2]

8                                      **V.**

9              **DIVERSITY JURISDICTION PURSUANT TO CAFA**

10     36.    CAFA grants federal district courts original jurisdiction over civil class

11  action lawsuits filed under federal or state law in which any member of a class of

12  plaintiffs is a citizen of a state different from any defendant, and where the matter in

13  controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. §

14  1332(d).  Moreover, CAFA authorizes removal of such actions in accordance with 28

15  U.S.C. section 1446.  As set forth below, this case meets each CAFA requirement for

16  removal, and is timely and properly removed by the filing of this notice.

17     37.    This Court has jurisdiction over this case under CAFA, 28 U.S.C. §

18  1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section

19  1441(a), in that it is a civil class action wherein: (1) the proposed class contains at

20  least 100 members; (2) Defendant is not a state, state official or other governmental

21  entity; (3) there is diversity between at least one class member and the sole named and

22  served Defendant; and (4) the total amount in controversy for all class members

23  exceeds $5 Million.

24  _____

[2] Moreover, this second removal is proper because the instant removal is based on
25  newly-acquired facts, *i.e.*, Plaintiff's admission that the amount in controversy
   exceeds $5 Million.  *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492-493
26  (5th Cir. 1996) (earlier remand did not bar removal where second notice of removal
   asserted diversity of citizenship based on newly-acquired facts from plaintiff's
27  deposition); *see also Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782-783 (7th
   Cir. 1999) (second notice of removal proper where, after remand (and within 1 year
28  after action commenced), plaintiffs revealed they had sustained damages in excess of
   $75,000).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

10.

A. **The Proposed Class Contains More Than 100 Members.**

38.     28 U.S.C. section 1332(d)(5)(B) sets forth that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." This requirement is easily met in the case at bar.

39.     Plaintiff seeks to represent a class consisting of "All current and/or former employees of CENTRAL PARKING who were employed by CENTRAL PARKING in the State of California as non-exempt hourly paid employees at CENTRAL PARKING locations at any time during the period commencing four years prior to the filing of the Complaint until the date Notice of Class Certification is mailed." (Complaint at ¶18; **Exhibit "A"**).

40.     Plaintiff's Complaint was filed on July 7, 2010. (Complaint; **Exhibit "A"**). Between July 7, 2006 and September 10, 2012, Defendant employed in excess of 5,685 non-exempt hourly employees in the State of California. (*See* Declaration of Hulion Jacks in Support of Notice of Removal of Civil Action to Federal Court ("Jacks Decl.") ¶¶ 4-5).

B. **Defendant Is Not A Governmental Entity.**

41.     Under 28 U.S.C. section 1332(d)(5)(B), the CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

42.     Defendant is a licensed Tennessee Corporation engaged in the business of owning, operating and managing parking facilities and related services. (*See* Declaration of Henry J. Abbott in Support of Notice of Removal of Civil Action to Federal Court  ("Abbott Decl.") ¶ 5). Defendant is not a state, state official or other government entity exempt from the CAFA.

C. **There Is Diversity Between At Least One Class Member And Defendants**

43.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

11.

1    member of a class of plaintiffs is a citizen of a State different from any defendant." 28

2    U.S.C. §§ 1332(d)(2)(A); 1453(b).  In a class action, only the citizenship of the named

3    parties is considered for diversity purposes and not the citizenship of the class

4    members.  *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).  Minimal diversity of

5    citizenship exists here because Plaintiff and Defendant are citizens of different states.

6         44.    Allegations of residency in a state court complaint can create a rebuttable

7    presumption of domicile supporting diversity of citizenship.  *See Lew v. Moss*, 797

8    F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can

9    create a rebuttable presumption of domicile supporting diversity of citizenship); *see*

10   *also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994)

11   (allegation by party in state court Complaint of residency "created a presumption of

12   continuing residence in [state] and put the burden of coming forward with contrary

13   evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008

14   U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima

15   facie" case of domicile).  At the time Plaintiff commenced this action and at the time

16   of removal, Plaintiff was a citizen of the State of California.   (Complaint at ¶ 5;

17   **Exhibit "A"** ("Plaintiff OSCAR MUNOZ ... is a citizen of the State of California,

18   residing in the county of Los Angeles.")).  Therefore, Plaintiff is a citizen of

19   California.

20        45.    Conversely, Defendant is not a citizen of California.   For diversity

21   purposes, a corporation "shall be deemed a citizen of any State by which it has been

22   incorporated and of the State where it has its principal place of business." 28 U.S.C. §

23   1332(c)(1).

24        46.    Defendant is incorporated in the State of Tennessee.  (Abbott Decl., ¶ 6).

25        47.    Similarly, Defendant's principal place of business is also in Tennessee.

26   The United States Supreme Court has established that the "nerve center" test should

27   be used to determine a corporation's "principal place of business." *See Hertz Corp. v.*

28   *Friend*, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (U.S. 2010).   A corporation's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

"nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.*   In other words, a corporation's "principal place of business" can be found where its "brain" is located. *Id.* at 1193.  This analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining, among other factors, where the corporation's headquarters are located and where its principal policy and executive decisions are made).

48.   Defendant maintains its corporate headquarters in Nashville, Tennessee. (Abbott Decl., ¶ 6).  Key executives of Defendant are domiciled at the Company's Nashville, Tennessee headquarters. (*Id.*).  The Company's strategies and operational goals and initiatives are developed and adopted in the Company's Nashville, Tennessee headquarters. (*Id.*).  Nashville, Tennessee is also where the Company's centralized administrative functions and operations are based. (*Id.*).  Nashville, Tennessee is the actual center of direction, control and coordination for Defendant's operations. (*Id.*).  Under the applicable standard, Defendant's principal place of business is indisputably located in the State of Tennessee.

49.   Defendants Does 1 through 10 are fictitious.  The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants.  Pursuant to Section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

50.   Accordingly, the named Plaintiff is a citizen of a State different from Defendant, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

1332(d)(2)(A), 1453.

**D.** <u>**Plaintiff Has Admitted That The Total Amount In Controversy Exceeds $5,000,000.**</u>[3]

51.   This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5 Million.  28 U.S.C. § 1332(d).

52.   "Under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).   The precise burden of proof that is placed on a removing defendant, however, varies depending upon the pleadings. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007).   When the complaint affirmatively alleges *in good faith* that the amount in controversy is less than the jurisdictional threshold, "the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." *Id.*; *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 999-1000 (9th Cir. 2007).   On the other hand, where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," a preponderance of the evidence standard applies. *Guglielmino*, 506 F.3d at 699.

53.   Here, in a blatant attempt to plead around the CAFA requirements, Plaintiff alleged in his Complaint, that "It is believed that the total sum owed to the class alleged herein is less than $5 million, based on the anticipated size of the Class and the amount in controversy for each member of the Class."   (Complaint ¶1;

---

[3] Defendant expressly denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them.  However, for purposes of removal only, and without conceding that Plaintiff or the putative class is entitled to any damages or penalties, Defendant accepts the amount in controversy for the sole purpose of establishing this Court's jurisdiction. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability").

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Exhibit "A"). Plaintiff did not make any factual allegations regarding the anticipated size of the Class, nor did he commit to an estimated amount in controversy for each class member, despite apparently basing his assertion on these factors. Indeed, Plaintiff did not allege that he is actually seeking less than $5 million in damages/restitution, nor does he voluntarily limit his recovery to an amount less than $5 million. Thus, Plaintiff's allegations regarding the amount in controversy are nothing more than unsubstantiated and self-serving conclusions meant to frustrate removal under CAFA.

54. Notwithstanding Plaintiff's blatant attempt to affirmatively plead around removal jurisdiction under CAFA, the allegations in his Complaint became a moot issue when Plaintiff admitted that the amount in controversy, does indeed exceed $5 Million.

55. As mentioned above, Plaintiff conceded that the amount in controversy exceeded $5 Million when he filed and served his Motion and supporting declarations, which establish that the amount in controversy exceeds $5 Million. (*See* Plaintiff's Motion: "[d]ue to this unlawful rounding rule, [Defendant's] employees have lost over $5 Million in unpaid wages." (Wong Decl. ¶ 19, **Exhibit "J"** 1:8-9, and 4:15-16); *see also* Dr. Fountain's declaration: "the total amount of underpayment [ as a result of rounding is ...] $5,772,993.56." (Wong Decl. ¶ 22, **Exhibit "M"** para. 11, and Ex 3., page 3, attached thereto)). Because Plaintiff's Motion was filed in this matter, it is considered "other paper" that can be used to establish the amount in controversy. *See* 28 U.S.C. § 1446(c)(3)(A) ("[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3)").

56. Moreover, Plaintiff's Motion and supporting declarations, is the exact "summary-judgment-type" evidence that this court previously stated was lacking from

Defendant's original removal. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (in addition to the contents of the removal petition, the Court properly considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations, in assessing the amount in controversy.); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

57.    It is important to note that Plaintiff's figures do not include the potential monetary recovery for all of his five non-equitable causes of action[4] together with his claim for statutory attorneys' fees. *See Lowdermilk* at 479 F.3d at 1000 ("Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.'") (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)). Plaintiff's admission does not include any penalties or recoverable attorneys' fees, which may be included in the amount in controversy.

58.    Thus, based on Plaintiff's own admission, and for purposes of removal, there is no dispute that the amount in controversy exceeds $5 Million, and the jurisdictional minimum requirement is satisfied to a legal certainty.

59.    Accordingly, the "amount in controversy" requirement under CAFA is satisfied in this case.

///

///

///

---

[4] (1); Failure to Pay Minimum Wage; (2) Failure to Pay Overtime; (3) Failure to Provide Meal Breaks; (4) Violation of Wage Order Section 5 (Reporting time and call-in pay); and (5) Failure To Provide Accurate Itemized Wage Statement.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

16.

VI.

## NOTICE TO PLAINTIFF AND STATE COURT

60.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, Spiro Moore, LLP and the Law Offices of Sahag Majarian, and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

Dated:   September 13, 2012                    Respectfully submitted,


KEITH A. JACOBY
GREGORY P. WONG
CARLOS JIMENEZ
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
CENTRAL PARKING SYSTEM, INC.

Firmwide:114308091.9 024404.1079

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

17.

# EXHIBIT A

Dennis F. Moss, Esq. (State Bar No. 77512)
H. Scott Leviant, Esq. (State Bar No. 200834)
Linh Hua, Esq. (State Bar No. 247419)
**SPIRO MOSS LLP**
11377 W. Olympic Blvd., 5th Floor
Los Angeles, California 90064-1683
Telephone: (310) 235-2468
Facsimile: (310) 235-2456
e-mail:    ira@spiromoss.com
           scott@spiromoss.com
           linh@spiromoss.com

Sahag Majarian, II, Esq. (State Bar No. 146621)
**LAW OFFICES OF SAHAG MAJARIAN, II**
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818) 609-0807
Facsimile: (818) 609-0892
sahagii@aol.com

Attorneys for Plaintiff

*324 CCW Emilie H. Elias*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

**BC 441 087**

OSCAR MUNOZ, individually, and on behalf of all others similarly situated,

Plaintiff,

vs.

CENTRAL PARKING SYSTEM, INC., a Tennessee corporation;
and DOES 1 through 10, inclusive,

Defendants.

Case No.:

**CLASS ACTION COMPLAINT FOR:**

1.  Failure to pay minimum wage
    [Lab. Code § 1194 and Minimum Wage Order];

2.  Failure to pay overtime compensation
    [Lab. Code §§ 1194 and 1198];

3.  Failure to provide meal periods
    [Lab. Code §§ 226.7 and 512];

4.  Violation of Wage Order § 5 (Failure to Pay Reporting Time and Call-In Pay);

5.  Failure to provide accurate itemized wage statements
    [Lab. Code § 226];

6.  Unfair Business Practices
    [Bus. & Prof. Code § 17200 et seq.]

**DEMAND FOR JURY TRIAL**

---

FILED
Superior Court of California
County of Los Angeles

JUL 07 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
GINA GRIDER

**CLASS ACTION COMPLAINT**

SPIRO MOSS LLP

Plaintiff OSCAR MUNOZ, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.     This class action is brought pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for each class representative, including claims for compensatory damages and pro rata share of attorneys' fees, is less than $75,000. It is believed that the total sum owed to the Class alleged herein is less that $5 million, based upon the anticipated size of the Class and the amount in controversy for each member of the Class.

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES TO EACH CAUSE OF ACTION

5.     Plaintiff OSCAR MUNOZ ("Plaintiff") is a citizen of the State of California, residing in the county of Los Angeles. Plaintiff is employed by Defendant CENTRAL PARKING SYSTEM, INC. in Los Angeles County, California.

CLASS ACTION COMPLAINT

6.      Plaintiff reserves the right to seek leave to amend this complaint to add new Plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

7.      Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant CENTRAL PARKING SYSTEM, INC. ("CENTRAL PARKING") is, and at all times herein mentioned was:

        (a)     A Tennessee corporation;

        (b)     Qualified to do business and actually doing extensive business in California; and,

        (c)     An employer of Plaintiff and a current and/or former employer of the putative CLASS members.

8.      Plaintiff does not know the true names or capacities of the persons or entities sues herein as Does 1-10, inclusive, and therefore sue said Defendants by such fictitious names.  Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class Members as alleged herein.  Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

9.      At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Class Members including Plaintiff,  in, the State of California.

10.      At all times mentioned herein, each Defendant was the agent, servant, or employee of the other Defendants and in acting and omitting to act as alleged herein did so within the course and scope of that agency or employment.

## DEFENDANT'S CONDUCT

11.      CENTRAL PARKING is North America's largest parking services provider. Defendant owns, operates and manages parking and related services including: surface and

SPIRO MOSS LLP

1   multi-level parking facilities; customer and employee shuttle services; valet and special event

2   parking; parking meter enforcement; design consultation; toll-road collections; and parking

3   notice and collection services.

4          12.   Maximum labor from the minimum number of staff members is the rule at

5   facilities operated by CENTRAL PARKING. One way that Defendant achieves this goal is by

6   manipulating records of hours worked and manipulating payroll processing procedures to

7   avoid paying overtime.  For example, Defendant will issue two paychecks for a pay period to

8   minimize or eliminate overtime hours worked during a pay period.  Not only does this

9   illegally reduce overtime wages owed to employees, but it renders the multiple wage

10   statements confusing and difficult to reconcile against actual hours worked.

11          13.   In addition, as a result of the work burdens placed on employees, they are

12   routinely unable to take a legally sufficient meal period.  Employees must truncate or skip

13   meal periods and return to their jobs.  For example, during the period of September 21, 2009

14   through December 31, 2009, Plaintiff was not able to take a meal break at all on at least three

15   occasions and was not able to take a full 30 minute meal period on at least 28 occasions.  In

16   addition, during that same period, Plaintiff was denied a second meal break on at least 14

17   occasions where Plaintiff's shift length called for a second meal period.

18          14.   Because cost containment was and is always a major issue at CENTRAL

19   PARKING, employees are not paid reporting time pay when they attend mandatory meetings

20   lasting less than two hours.

21          15.   CENTRAL PARKING claims to provide holiday pay for regular full-time and

22   regular part-time employees working more than 24 hours per week, with at least 90 days of

23   service.  The benefit provides, in part, that non-exempt employee "who are asked to work on a

24   holiday will receive regular pay for actual hours worked in addition to holiday pay."

25   CENTRAL PARKING does not comply with its own promises, failing on multiple occasions

26   to pay employees working on holidays their holiday pay in addition to pay for the actual hours

27   worked.

28

### CLASS ACTION ALLEGATIONS

16.   Plaintiff brings this action individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

17.   All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

18.   The proposed Class consists of and is defined as:

All current and/or former employees of CENTRAL PARKING  who were employed by CENTRAL PARKING  in the State of California as non-exempt hourly paid employees at CENTRAL PARKING locations at any time during the period commencing four years prior to the filing of the Complaint until the date Notice of Class Certification is mailed.

19.   Plaintiff reserves the right to establish sub-classes as appropriate.

20.   At all material times, Plaintiff was a member of the class.

21.   There is a well-defined community of interest in the litigation and the class is readily ascertainable:

(a)   Numerosity:  The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be greater than two hundred individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)   Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared, well-defined community of interest. Plaintiff's claims are typical of all class members' claims.  For example, Plaintiff is employed by Defendant an hourly position, and Plaintiff is compensated in the same manner as the member of the class.

(c)   Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared,

well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts or differences with any class member.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.

(d)   Superiority:  A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)   The interests of the members of the class in individually controlling the prosecution or defense of separate actions;

    2)   The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

    3)   The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    4)   The difficulties likely to be encountered in the management of a class action.

(e)   Public Policy Considerations:  Employers in the State of California violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

22.   There are common questions of law and fact as to the class (and each subclass,

if any) that predominate over questions affecting only individual members, including but not limited to:

     (a)    Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

     (b)    Whether Defendants required Plaintiff and Class members to work over eight hours per day, over 12 hours per day, and/or over forty 40 hours per week and failed to pay legally required overtime compensation to Plaintiff and Class members;

     (c)    Whether Defendants deprived Plaintiff and Class members of meal periods or required Plaintiff and Class members to work during meal periods without compensation;

     (d)    Whether Defendants complied with wage reporting as required by the California Labor Code, including but not limited to section 226;

     (e)    Whether Defendants failed to compensate Plaintiffs and class members in the manner required by Section 5, governing reporting and call-in pay, of the applicable IWC Wage Order;

     (f)    Whether Defendants' conduct was willful or reckless;

     (g)    The appropriateness of liquidated damages under Labor Code § 1194.2;

     (h)    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code § 17200, et seq.; and,

     (i)    The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

    23.    This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure § 382 because:

     (a)    The questions of law and fact common to the class predominate over any question affecting only individual members;

     (b)    A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the class;

CLASS ACTION COMPLAINT

(c)     The members of the class are so numerous that it is impractical to bring all members of the class before the Court;

(d)     Plaintiff, and the other members of the class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the class for the injuries sustained;

(f)     Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1)      Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendants; and/or

2)      Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g)     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief appropriate with respect to the class as a whole.

24.     Plaintiff contemplates the eventual issuance of notice to the proposed members of the class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the

SPIRO MOSS LLP

contemplated notices.  To the extent that any further notices may be required, Plaintiff would contemplate the use of additional media and/or mailings.

## FIRST CAUSE OF ACTION

### Failure to pay minimum wages

### (Against all Defendants)

25.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 24.

26.     "Hours worked" is the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

27.     Labor Code § 1194 states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

28.     As described above, Plaintiff, and members of the Class, frequently worked time for which they were not compensated.  At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff, and the other members of the Class minimum wages as determined by the Industrial Welfare Commission, for all hours they worked.

29.     By and through the conduct described above, the Plaintiff and the other members of the Class, have been deprived of their rights to be paid minimum wages earned by virtue of their employment with Defendants.

30.     Labor Code § 1194.2 provides that, in any action under Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

31.     By virtue of the Defendants' unlawful failure to pay additional compensation to the Class for their non-overtime hours worked without pay, the Class has suffered, and will

continue to suffer, damages in amounts which are presently unknown to the Class, but which exceed the jurisdictional limits of this Court, and which will be ascertained according to proof at trial.

32.     The Class is also entitled to seek recovery of all unpaid minimum wages, interest, and reasonable attorneys' fees and costs pursuant to Cal. Labor Code § 1194.

## SECOND CAUSE OF ACTION

### Violation of Cal. Lab. Code §§ 510, 515.5, 1194 and 1198

### (By the CLASS and Against All Defendants)

33.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 32.

34.     California Labor Code § 510 provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

35.     California Labor Code §§ 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law.  Additionally, California Labor Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.  The governing Wage Order of the Industrial Welfare Commission requires, among other things, payment of a premium wage rate for all hours worked in excess of eight hours per day or 40 hours per week.

36.     At all times relevant hereto, Plaintiff, and the member of the Class, have worked more than eight hours in a workday, as employees of Defendants.  Further, at all times relevant hereto, Plaintiff, and the members of the Class, have been paid on an hourly basis.

37.     At all times relevant hereto, Defendants failed to pay Plaintiff, and the other members of the Class, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198.

CLASS ACTION COMPLAINT

SPIRO MOSS LLP

Plaintiff and the other members of the Class are regularly required to work overtime hours.

38.     By virtue of Defendants' unlawful failure to pay additional, premium rate compensation to the Plaintiff, and the other members of the Class, for their overtime hours worked, the Plaintiff, and the other members of the Class, have suffered, and will continue to suffer, damages in amounts which are presently unknown to them but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

39.     By failing to keep adequate time records required by Labor Code § 1174(d), CENTRAL PARKING has made it difficult to calculate the overtime compensation due Plaintiff and the Class Members.

40.     CENTRAL PARKING acted intentionally, oppressively, and maliciously toward the Plaintiffs and the other members of the Class, with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

41.     Plaintiff, and the other members of the Class, request recovery of overtime compensation according to proof, interest, attorney's fees and costs pursuant to California Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other statutes. Further, Plaintiff, and the other members of the Class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code § 1194.

## THIRD CAUSE OF ACTION

### Violation of California Labor Code §§ 226.7 and 512(a)

### (Against all Defendants)

42.     Plaintiff incorporates by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 41.

43.     At all times herein set forth, the applicable IWC Wage Order and California Labor Code §§ 226.7 and 512(a) were applicable to Plaintiffs' and Class members' employment by Defendants.

CLASS ACTION COMPLAINT

44.     At all times herein set forth, California Labor Code § 226.7 provided and provides that no employer shall require an employee to work during any meal period.

45.     At all times herein set forth, California Labor Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five hours per day without providing the employee with an uninterrupted meal period of not less than 30 minutes, except that if the total work period per day of the employee is not more than six hours, the meal period may be waived by mutual consent of both the employer and the employee.

46.     At all times herein set forth, California Labor Code § 512(a) further provide that an employer may not require, cause or permit an employee to work for a period of more than ten hours per day without providing the employee with a second uninterrupted meal period of not less than 30 minutes, except that if the total hours worked is not more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

47.     During the relevant time period, Plaintiff and Class members who were scheduled to work for a period of time no longer than six hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five hours without an uninterrupted meal period of not less than 30 minutes.

48.     During the relevant time period, Plaintiff and Class members who were scheduled to work for a period of time in excess of six hours were required to work for periods longer than five hours without an uninterrupted meal period of not less than 30 minutes.

49.     During the relevant time period, Plaintiff and Class members who worked in excess of ten hours but no longer than 12 hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of ten hours without receiving a second uninterrupted meal period of not less than 30 minutes.

50.     Defendants also attempted to circumvent their obligation to provide Class members with their meal breaks by rounding short meal periods up to 30 minutes and

CLASS ACTION COMPLAINT

1  undercounting hours worked by Class members.

2     51.   During the relevant time period, Defendants willfully required Plaintiff and

3  Class members to work during meal periods and failed to compensate Plaintiff and Class

4  members for work performed during meal periods.

5     52.   During the relevant time period, Defendants failed to pay Plaintiff and Class

6  members the full meal period premium due pursuant to California Labor Code § 226.7.

7     53.   Defendants' conduct violates California Labor Code §§ 226.7 and 512(a).

8     54.   Pursuant to California Labor Code § 226.7(b), Plaintiff and Class members are

9  entitled to recover from Defendants one additional hour of pay at the employees' regular

10 hourly rate of compensation for each work day that the meal period was not provided.

11

12                         **FOURTH CAUSE OF ACTION**

13                      **Violation of IWC Wage Order, § 5**

14                           **(Against all Defendants)**

15    55.   Plaintiff incorporates by reference and re-alleges as if fully stated herein the

16 material allegations set out in paragraphs 1 through 54.

17    56.   Section 5 of California's Wage Orders, governing Reporting Time Pay,

18 provides:

19    (A) Each workday an employee is required to report for work and does report,
   but is not put to work or is furnished less than half said employee's usual or
20    scheduled day's work, the employee shall be paid for half the usual or
   scheduled day's work, but in no event for less than two (2) hours nor more than
21    four (4) hours, at the employee's regular rate of pay, which shall not be less
   than the minimum wage.

22    (B) If an employee is required to report for work a second time in any one
23    workday and is furnished less than two (2) hours of work on the second
   reporting, said employee shall be paid for two (2) hours at the employee's
24    regular rate of pay, which shall not be less than the minimum wage.

25    (C) The foregoing reporting time pay provisions are not applicable when:

26    (1) Operations cannot commence or continue due to threats to employees or
   property; or when recommended by civil authorities; or

27

28    (2) Public utilities fail to supply electricity, water, or gas, or there is a failure in
   the public utilities, or sewer system; or

SPIRO MOSS LLP

---

Page 13

**CLASS ACTION COMPLAINT**

(3) The interruption of work is caused by an Act of God or other cause not within the employer's control.

(D) This section shall not apply to an employee on paid standby status who is called to perform assigned work at a time other than the employee's scheduled reporting time.

57. During the relevant time period, Plaintiff and Class members were scheduled to work assigned shifts at CENTRAL PARKING locations.

58. On numerous occasions, Plaintiff and Class members reported for work but were sent home after being furnished with less than half the scheduled number of hours of work. On all such occasions, Defendants failed to compensate Plaintiff and Class members in the manner specified in Section 5 of California's Wage Orders. Specifically, in shifts of less than four hours in length, Plaintiff and Class members did not receive at least two hours of pay when furnished less than two hours of work. In shifts of four to eight hours in length, Plaintiff and Class members did not receive pay equal to half the scheduled shift length when furnished less than half the scheduled number of hours of work. In shifts of more than eight hours in length, Plaintiff and Class members did not receive at least four hours of pay when furnished less than four hours of work.

59. Defendants' unlawful failure to pay all reporting time and call-in wages owed to its employees was not the result of threats to employees or property or recommendations by civil authorities. Defendants' unlawful failure to pay all reporting time and call-in wages owed to its employees was not the result of the failure of public utilities to supply electricity, water, or gas, or a failure in the public utilities or sewer system. Defendants' unlawful failure to pay all reporting time and call-in wages owed to its employees was not the result of any "Act of God" or other cause outside the employer's control.

60. Plaintiff and members of the Class were not on paid standby status.

61. By virtue of the Defendants' unlawful failure to pay all compensation owed to Plaintiff and Class members for their hours worked, Plaintiff and Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to the Plaintiff and Class members but which exceeds the jurisdictional limits of this Court, and

1    which will be ascertained according to proof at trial.

2        62.    Plaintiff and Class members are also entitled to seek recovery for all interest

3    and reasonable attorneys' fees and costs pursuant to Cal. Labor Code §§ 218.5 and 218.6.

4

5                        **FIFTH CAUSE OF ACTION**

6                **Violation of California Labor Code § 226(a)**

7                        **(Against all Defendants)**

8        63.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

9    material allegations set out in paragraphs 1 through 62.

10       64.    At all material times set forth herein, California Labor Code § 226(a) provided

11   that every employer shall furnish each of his or her employees an accurate itemized wage

12   statement in writing showing nine pieces of information, including: (1) gross wages earned,

13   (2) total hours worked by the employee, (3) the number of piece-rate units earned and any

14   applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided

15   that all deductions made on written orders of the employee may be aggregated and shown as

16   one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is

17   paid, (7) the name of the employee and the last four digits of his or her social security number

18   or an employee identification number other than a social security number, (8) the name and

19   address of the legal entity that is the employer, and (9) all applicable hourly rates in effect

20   during the pay period and the corresponding number of hours worked at each hourly rate by

21   the employee.

22       65.    Defendants have intentionally and willfully failed to provide employees with

23   complete and accurate wage statements.  The deficiencies include, among other things, the

24   failure to correctly identify (a) the gross wages earned, (b) all applicable hourly rates in effect

25   during the pay period and the corresponding number of hours worked at each hourly rate, and

26   (c) total hours worked by the employee.

27       66.    As a result of Defendants' violation of California Labor Code § 226(a),

28   Plaintiff and the members of the Class have suffered injury and damage to their statutorily-

SPIRO MOSS LLP

1   protected rights.

2       67.     Specifically, Plaintiff and the members of the Class have been injured by

3   Defendants' intentional violation of California Labor Code § 226(a) because they were denied

4   both their legal right to receive, and their protected interest in receiving, accurate, itemized

5   wage statements under California Labor Code § 226(a).

6       68.     Plaintiff was also injured as a result of having to bring this action to attempt to

7   obtain correct wage information following Defendant's refusal to comply with many of the

8   mandates of California's Labor Code and related laws and regulations.

9       69.     Plaintiff and Class members are entitled to recover from Defendants the greater

10  of their actual damages caused by Defendants' failure to comply with California Labor Code §

11  226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

12      70.     Plaintiff and the members of the Class are also entitled to injunctive relief to

13  ensure compliance with this section, pursuant to California Labor Code § 226(g).

14

15  ### SIXTH CAUSE OF ACTION

16  **Violation of California Business & Professions Code § 17200, et seq.**

17  **(Against all Defendants)**

18      71.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the

19  material allegations set out in paragraphs 1 through 60.

20      72.     Defendants, and each of them, are "persons" as defined under Business &

21  Professions Code § 17021.

22      73.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

23  unlawful, and harmful to Plaintiff, other class members, and to the general public.  Plaintiff

24  seeks to enforce important rights affecting the public interest within the meaning of Code of

25  Civil Procedure § 1021.5.

26      74.     Defendants' activities, as alleged herein, are violations of California law, and

27  constitute unlawful business acts and practices in violation of California Business &

28  Professions Code § 17200, et seq.

Page 16

SPIRO MOSS LLP

75.     A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

### Failing to Pay Wages

76.     Defendants' failure to pay minimum wages constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Pay Overtime

77.     Defendants' failure to pay overtime compensation and other benefits in violation of Cal. Labor Code §§ 510, 1197, 1198, Penal Code §§ 484 and 532 (obtaining labor through false pretenses), constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Provide Meal Periods

78.     Defendants' failure to provide legally required meal periods in violation of the Labor Code, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Provide Accurate Itemized Wage Statements

79.     Defendants' failure to provide accurate itemized wage statements in accordance with Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

80.     By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

81.     Plaintiff and the other class members suffered monetary injury as a direct result of Defendants' wrongful conduct.

82.     The Plaintiff, individually, and on behalf of members of the putative class, is entitled to, and does, seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices.  Plaintiff, and the members of the putative class, are not obligated to establish individual knowledge of the unfair practices of Defendant in order to recover restitution.

83.     The Plaintiff, individually, and on behalf of members of the putative class, is further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

84.     The Plaintiff, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which she has suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices.  As a result of the unfair, unlawful and/or fraudulent business practices described above, the Plaintiff, individually, and on behalf of members of the putative class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

85.     The Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other holdings.

86.     Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff

CLASS ACTION COMPLAINT

1  and putative class members are entitled to restitution of the wages withheld and retained by

2  Defendants during a period that commences four years prior to the filing of this complaint; a

3  permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

4  Class members; an award of attorneys' fees pursuant to California Code of Civil Procedure §

5  1021.5 and other applicable laws; and an award of costs.

6

7                                    **PRAYER FOR RELIEF**

8         Plaintiff, individually, and on behalf of all others similarly situated, prays for relief and

9  judgment against Defendants, jointly and severally, as follows:

10

11                                    Class Certification

12     1.      That this action be certified as a class action;

13     2.      That Plaintiff be appointed as the representative of the Class; and

14     3.      That counsel for Plaintiff be appointed as Class Counsel.

15

16                              As to the First Cause of Action

17     4.      That the Court declare, adjudge and decree that Defendants violated Labor

18  Code § 1194;

19     5.      For general unpaid wages and such general and special damages as may be

20  appropriate;

21     6.      For pre-judgment interest on any unpaid compensation commencing from the

22  date such amounts were due;

23     7.      For liquidated damages according to proof;

24     8.      For reasonable attorneys' fees and for costs of suit incurred herein; and

25     9.      For such other and further relief as the Court may deem equitable and

26  appropriate.

27

28                            As to the Second Cause of Action

                              **CLASS ACTION COMPLAINT**

SPIRO MOSS LLP

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all overtime wages due to Plaintiff and Class members;

11. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

12. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

14. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

15. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by wilfully failing to provide all meal periods (including second meal periods) to Plaintiff and Class members;

16. That the Court make an award to the Plaintiffs and Class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

17. For all actual, consequential, and incidental losses and damages, according to proof;

18. For premiums pursuant to California Labor Code § 226.7(b);

19. For pre-judgment interest on any unpaid wages from the date such amounts were due; and.

20. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

CLASS ACTION COMPLAINT

21. That the Court declare, adjudge and decree that Defendants violated Section 5 of the applicable IWC Wage Orders as to Plaintiff and class members, and willfully failed to pay for reporting time and call-in time as required by law;

22. For all actual, consequential and incidental losses and damages, according to proof;

23. For injunctive relief to ensure compliance with this Wage Order provision; and

24. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

25. That the Court find that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and wilfully failed to provide accurate itemized wage statements thereto;

26. For all actual, consequential and incidental losses and damages, according to proof;

27. For statutory penalties pursuant to California Labor Code § 226(e);

28. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g); and,

29. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

30. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to provide Plaintiff and Class members all compensation due to them, failing to pay meal period premium payments for missed meal periods to Plaintiff and class members, failing to provide accurate itemized wage statements, failing to pay reporting time pay, and failing to pay Plaintiff's and class members' wages timely as required by California Labor Code §§ 201, 202 and 203;

CLASS ACTION COMPLAINT

31.     For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

32.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of Business & Professions Code §§ 17200 et seq.;

33.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

34.     For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code § 17200, et seq.; and,

35.     For such other and further relief as the Court may deem equitable and appropriate.


Dated: July 6, 2010                          Respectfully submitted,

                                             SPIRO MOSS LLP


                                             By: _____
                                                 Dennis F. Moss
                                                 H. Scott Leviant
                                                 Linh Hua

                                             LAW OFFICES OF SAHAG MAJARIAN, II
                                             Sahag Majarian, II

                                             Attorneys for Plaintiff

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: July 6, 2010

Respectfully submitted,

SPIRO MOSS LLP

By: _____
Dennis F. Moss
H. Scott Leviant
Linh Hua

LAW OFFICES OF SAHAG MAJARIAN, II
Sahag Majarian, II

Attorneys for Plaintiff

SPIRO MOSS LLP

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| H. Scott Leviant, Esq. (SBN 200834) scott@spiromoss.com SPIRO MOSS LLP 11377 West Olympic Boulevard, 5th Floor Los Angeles, California 90064 TELEPHONE NO.: (310) 235-2468  FAX NO.: (310) 235-2456 ATTORNEY FOR (Name): Plaintiff | **FILED** Superior Court of California County of Los Angeles JUL 07 2010 John A. Clarke, Executive Officer/Clerk By _____, Deputy GINA GRIDER |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90064
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: MUNOZ VS. CENTRAL PARKING SYSTEM, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 441087 |
| | | JUDGE: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): Six (6)

5. This case [x] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 7, 2010

H. Scott Leviant, Esq. (SBN 200834)
(TYPE OR PRINT NAME)   ▶   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

Legal Solutions Plus

| SHORT TITLE: MUNOZ VS. CENTRAL PARKING SYSTEM, INC. | CASE NUMBER | BC 441087 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:
JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10 ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4
LA-481

| SHORT TITLE: MUNOZ VS. CENTRAL PARKING SYSTEM, INC. | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover<br>Sheet Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ | A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ | A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ | A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ | A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ | A6024  Other Employment Complaint Case | ①, 2., 3. |
| | | ☐ | A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ | A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ | A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ | A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ | A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ | A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ | A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ | A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ | A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ | A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ | A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ | A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ | A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ | A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ | A6032  Quiet Title | 2., .6. |
| | | ☐ | A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer - Commercial (31) | ☐ | A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Residential (32) | ☐ | A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer - Drugs (38) | ☐ | A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ | A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ | A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04
**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**
LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: MUNOZ VS. CENTRAL PARKING SYSTEM, INC. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review [Cont'd.]** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: MUNOZ VS. CENTRAL PARKING SYSTEM, INC. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: 111 North Hill Street |
|---|---|
| [X]1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the STANLEY MOSK courthouse in the CENTRAL District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: July 7, 2010

(SIGNATURE OF ATTORNEY/FILING PARTY)

H. Scott Leviant, Esq. of Spiro Moss

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 4 of 4

**FILED** SUM-100

## SUMMONS
### (CITACION JUDICIAL)

Superior Court of California
County of Los Angeles

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JUL 07 2010

CENTRAL PARKING SYSTEM, INC., a Tennessee corporation; and
DOES 1 through 10, inclusive

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
GINA GRIDER

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

OSCAR MUNOZ, individually, and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 441087** |
|---|---|

LOS ANGELES COUNTY SUPERIOR COURT-CENTRAL DISTRICT
111 North Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

H. Scott Leviant, Esq., Spiro Moss LLP, 11377 W. Olympic Blvd., 5th Fl., Los Angeles, CA 90064
t. (310)235-2468; f. (310) 235-2456

| DATE: JUL 07 2010<br>*(Fecha)* | Clerk, by<br>*(Secretaria)* | GINA GRIDER | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

John A. Clarke

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*:

   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT B

1    Dennis F. Moss, Esq. (State Bar No. 77512)
       H. Scott Leviant, Esq. (State Bar No. 200834)
2    Linh Hua, Esq. (State Bar No. 247419)
       **SPIRO MOSS LLP**
3    11377 W. Olympic Blvd., 5th Floor
       Los Angeles, California 90064-1683
4    Telephone: (310) 235-2468
       Facsimile: (310) 235-2456
5    e-mail:     ira@spiromoss.com
              scott@spiromoss.com
6             linh@spiromoss.com

7    Sahag Majarian, II, Esq. (State Bar No. 146621)
       **LAW OFFICES OF SAHAG MAJARIAN, II**
8    18250 Ventura Boulevard
       Tarzana, California 91356
9    Telephone: (818) 609-0807
       Facsimile: (818) 609-0892
10   sahagii@aol.com

11   Attorneys for Plaintiff

12           SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  COUNTY OF LOS ANGELES

**FILED**
LOS ANGELES SUPERIOR COURT

**JUL 22 2010**

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

15   OSCAR MUNOZ, individually, and on behalf    Case No.: BC 441087
      of all others similarly situated,
16                            [The Honorable Mel Red Recana; Dept. 45]
            Plaintiff,
17                            **NOTICE OF CASE DESIGNATION AND**
         vs.                         **REASSIGNMENT**
18
      CENTRAL PARKING SYSTEM, INC., a
19   Tennessee corporation;
      and DOES 1 through 10, inclusive,
20
            Defendants.
21                            Complaint Filed: July 7, 2010

22      **PLEASE TAKE NOTICE** that the court has designated the above referenced matter

23   as non-complex and has reassigned this case to the Honorable Mel Red Recana, Department

24   45 of the above referenced court. A copy of the Clerk's Minutes is attached hereto.

25   DATED: July 21, 2010             SPIRO MOSS LLP
26
27                         By: _____
                              H. SCOTT LEVIANT
28                        Attorneys for Plaintiff

SPIRO MOSS LLP

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/16/10                                                          **DEPT. 324**

HONORABLE EMILIE H. ELIAS          JUDGE    A. MORALES          DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM               ELECTRONIC RECORDING MONITOR

         NONE                     Deputy Sheriff   NONE                    Reporter

---

8:30 am BC441087                          Plaintiff
                                          Counsel
        OSCAR MUNOZ                                   NO APPEARANCES
        VS
        CENTRAL PARKING SYSTEM INC       Defendant
                                          Counsel

        NON-COMPLEX (07-16-10)

---

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge Mel Red Recana in Department 45 at
Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 45 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 324 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 324 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.


                CLERK'S CERTIFICATE OF MAILING/
                  NOTICE OF ENTRY OF ORDER



                Page    1 of  2    DEPT. 324

                                              MINUTES ENTERED
                                              07/16/10
                                              COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 07/16/10 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS   JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE   Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC441087 | | |
|---|---|---|---|
| | | Plaintiff Counsel | NO APPEARANCES |
| | OSCAR MUNOZ VS CENTRAL PARKING SYSTEM INC | | |
| | | Defendant Counsel | |
| | NON-COMPLEX (07-16-10) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
07-16-10 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 07-16-10

John A. Clarke, Executive Officer/Clerk

By:   KIN HILAIRE
    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
          K. HILAIRE


SPIRO & MOSS, LLP
Dennis F. Moss, Esq.
11377 West Olympic Boulevard, 5th Floor
Los Angeles, California  90064-1683

MINUTES ENTERED
07/16/10
COUNTY CLERK

# EXHIBIT C

NOTICE SENT TO:

Moss, Dennis F., Esq.
Spiro Moss LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles,        CA   90064-1683

# FILED

LOS ANGELES SUPERIOR COURT

AUG 1 1 2010

JOHN A. CLARKE, CLERK

BY ILUMINADA SABALBURO, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| OSCAR MUNOZ | | CASE NUMBER |
| | Plaintiff(s), | BC441087 |
| VS. | | |
| CENTRAL PARKING SYSTEM INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for November 17, 2010 at 8:30 am in Dept. 45 at 111 North Hill Street, Los Angeles, California 90012.

NOTICE TO DEFENDANT:     **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: August 11, 2010                                                **MEL RED RECANA**
                                                                              Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[  ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date: August 11, 2010                                           John A. Clarke, Executive Officer/Clerk

                                                                        by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)                                          Cal. Rules of Court, rule 3.720-3.730
LASC Approved 10-03                                             LASC Local Rules, Chapter Seven

NOTICE SENT TO:

Majarian, Sahag, II, Esq.
Law Offices of Sahag Majarian II
18250 Ventura Blvd.
Tarzana,          CA   91356

**FILED**
FILED AT 9 AM
LOS ANGELES SUPERIOR COURT

AUG 11 2010

JOHN A. CLARKE, CLERK

BY ILUMINADA SABALBURO, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| OSCAR MUNOZ | Plaintiff(s), | BC441087 |
| VS. | | |
| CENTRAL PARKING SYSTEM INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>November 17, 2010</u> at <u>8:30 am</u> in <u>Dept. 45</u> at 111 North Hill Street, Los Angeles, California  90012.

NOTICE TO DEFENDANT:     **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date  <u>August 11, 2010</u>

**MEL RED RECANA**

Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[   ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[   ] by personally giving the party notice upon filing the complaint.

Date.  <u>August 11, 2010</u>

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

# EXHIBIT D

| SPIRO MOSS LLP | (310) 235-2468 | FILED |
|---|---|---|

SPIRO MOSS LLP (310) 235-2468

Dennis F. Moss, Esq. (SBN 77512)
H. Scott Leviant, Esq. (SBN 200834)
Linh Hua, Esq. (SBN 247419)
11377 West Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1683
ATTORNEY FOR (Name): **Plaintiff**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 1 2 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Victor Sino-Cruz

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

PLAINTIFF/PETITIONER: **OSCAR MUNOZ, individually, and on behalf of others similarly situated**
DEFENDANT/RESPONDENT: **CENTRAL PARKING SYSTEM, INC., a Tennessee corporation; et al.**

| PROOF OF SERVICE | HEARING DATE: | TIME: | DEPT/DIV.: | CASE NUMBER. BC 441087   45 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the (specify document(s)
**NOTICE OF CASE DESIGNATION AND REASSIGNMENT**

2. a. Party served: **CENTRAL PARKING SYSTEM, INC., a Tennessee corporation**

 b. Person served: **CSC Lawyers Incorporating Service, Inc., Agent for service of process
Service was received by Becky DeGeorge, Receptionist**

 c. Address: **2730 Gateway Oaks Drive, Suite 100
Sacramento, California 95833**

3. I served the party in item 2
 a. **by personally delivering the copies** (1) on (date): 07/26/2010
               (2) at (time): **11:00 a.m.**

4. Person serving (name, address, and telephone No.):

**Brandon Ortiz
Ace Attorney Service, Inc.**
901 F Street Street, Suite 150
Sacramento, California 95814
(916) 447-4000

f. Fee for service:  $

c. Registered California process server.
(1) Employee or independent contractor.
(2) Registration No.: **2010-43**
(3) County: **SACRAMENTO**

5. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **August 11, 2010**

_____
(signature)

#729207G

**PROOF OF SERVICE**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>SPIRO MOSS LLP<br>– Dennis F. Moss, Esq. (SBN 77512); H. Scott Leviant, Esq. (SBN 200834)<br>Linh Hua, Esq. (SBN 247419)<br>11377 West Olympic Boulevard, 5th Floor, Los Angeles, California 90064-1683<br>   TELEPHONE NO.: (310) 235-2468      FAX NO. *(Optional):* (310) 235-2456<br>E-MAIL ADDRESS *(Optional):* ira@spiromoss.com; scott@spiromoss.com; linh@spiromoss<br>ATTORNEY FOR *(Name):*  Plaintiff | **FILED**  POS-010<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>AUG 1 3 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ , Deputy<br>         Victor Sino-Cruz |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES<br>STREET ADDRESS:  111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:  Los Angeles, California 90012<br>BRANCH NAME:  CENTRAL DISTRICT | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Oscar Munoz, individually, and on behalf of all<br>DEFENDANT/RESPONDENT: Central Parking System, Inc., etc., et al. | CASE NUMBER:<br><br>BC441087  **45** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.<br>727789W |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location; Notice of **Case Assignment-Unlimited Civil Case**
3. a. Party served *(specify name of party as shown on documents served):*
      CENTRAL PARKING SYSTEM, INC., a Tennessee corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      CSC Lawyers Incorporating Service, Inc., Agent for service of process by serving Bradley Ellison
4. Address where the party was served:
   2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833-3503
5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* July 19, 2010    (2) at *(time):*  12:00 p.m.
   b. ☐ by substituted service. On *(date):*            at *(time):*            I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*            from *(city):*            or ☐  a declaration of mailing is attached.

      (5) ☐  I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

| PLAINTIFF/PETITIONER: Oscar Munoz, individually, and on behalf of all | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Central Parking System, Inc., etc., et al. | BC441087 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

       (1) on *(date)*:           (2) from *(city)*:

       (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

       (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

       ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☐  as an individual defendant.
   b.  ☐  as the person sued under the fictitious name of *(specify)*:
   c.  ☐  as occupant.
   d.  ☑  On behalf of *(specify)*:   CENTRAL PARKING SYSTEM, INC., a Tennessee corporation
      under the following Code of Civil Procedure section:

       ☑ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
       ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
       ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
       ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
       ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                               ☐ other:

7.  **Person who served papers**
   a.  Name: Evan Vincent Corder, Ace Attorney Service, Inc.
   b.  Address: 901 F Street, Suite 150, Sacramento, California 95814
   c.  Telephone number: (916) 447-4000
   d.  The fee for service was: $
   e.  I am:
       (1) ☐  not a registered California process server.
       (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
       (3) ☑  a registered California process server:
          (i)  ☐ owner  ☑ employee  ☐ independent contractor.
          (ii)  Registration No.: 2009-04
          (iii)  County: SACRAMENTO

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

       or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  July 20, 2010

EVAN VINCENT CORDER              ▶                          
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)               (SIGNATURE )

# EXHIBIT E

1   KEITH A. JACOBY, Bar No. 150233
    GREGORY P. WONG, Bar No. 204502
2   LITTLER MENDELSON
    A Professional Corporation
3   2049 Century Park East
    5th Floor
4   Los Angeles, CA  90067.3107
    Telephone:   310.553.0308
5   Fax No.:       310.553.5583

6   Attorneys for Defendant
    CENTRAL PARKING SYSTEM, INC.

7

**FILED**
Los Angeles Superior Court

AUG 19 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
      SHAUNYA WESLEY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10                          CENTRAL DISTRICT

11   OSCAR MUNOZ, individually, and on        Case No.  BC441087
     behalf of all others similarly situated,
12                                            ASSIGNED FOR ALL PURPOSES TO
                   Plaintiff,                 JUDGE MEL RED RECANA, DEPT. 45)
13
            v.                                **NOTICE TO STATE COURT AND ALL
14                                            ADVERSE PARTIES OF REMOVAL OF
     CENTRAL PARKING SYSTEM, INC., a          CIVIL ACTION OF REMOVAL OF CIVIL
15   Tennessee corporation; and DOES 1        ACTION TO FEDERAL COURT UNDER
     through 10, inclusive,                    28 U.S.C. §§1332, 1441(B) & 1446 BY
16                                            CENTRAL DISTRICT PARKING
                   Defendants.                SYSTEM, INC.**
17
                                              Complaint Filed:  July 7, 2010
18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Firmwide:96960422.1 024404.1001

CIT/CASE: BC441087 LEA/DEFN:
RECEIPT #: CCH465980045
DATE PAID: 08/19/10  12:01:52 PM
PAYMENT: $355.00
RECEIVED:                  0310
          CHECK:
          CASH:    355.00
          CHANGE:
          CARD:

NOTICE OF STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION

TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES:

PLEASE TAKE NOTICE that Defendant Central Parking System, Inc. has, on August 18, 2010, filed a Notice of Removal of Civil Action with the office of the Clerk of the United States District Court in and for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446. Attached as Exhibit 1 and incorporated herein by reference is a true and correct copy of said Notice of Removal of Civil Action and accompanying exhibits.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of said Notice of Removal of Civil Action with the United States District Court, together with the filing of said Notice of State Court of Removal of a Civil Action with this Court, effects and removal of this action and this Court may proceed no further unless and until the federal court remand the case.

Dated: August 19, 2010

KEITH A. JACOBY
GREGORY P. WONG
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
CENTRAL PARKING SYSTEM, INC.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:96960422.1 024404.1001

1.

NOTICE OF STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION

08/20/10

Conformed Copy

1   KEITH A. JACOBY, Bar No. 150233
    GREGORY P. WONG, Bar No. 204502
2   LITTLER MENDELSON
    A Professional Corporation
3   2049 Century Park East
    5th Floor
4   Los Angeles, CA 90067.3107
    Telephone: 310.553.0308
5   Facsimile: 310.553.5583
    E-mail: kjacoby@littler.com
6   E-mail: gwong@littler.com

7   Attorneys for Defendant
    CENTRAL PARKING SYSTEM, INC.



FILED
CLERK, U.S. DISTRICT COURT

AUG 1 8 2010
8.25

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8

9                   UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11   OSCAR MUNOZ, individually, and on     Case No. **CV10 6172-PA**
     behalf of all others similarly situated,                      **(RGx)**
12
                   Plaintiff,
13
                                           **NOTICE OF REMOVAL OF CIVIL**
14   v.                                    **ACTION TO FEDERAL COURT**

15   CENTRAL PARKING SYSTEM,               **[28 U.S.C. §§1332, 1441 & 1446]**
     INC., a Tennessee corporation; and
16   DOES 1 through 10, inclusive,         Complaint Filed: July 7, 2010

17                 Defendants.

18

19        TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

20   THE CENTRAL DISTRICT OF CALIFORNIA, AND PLAINTIFF OSCAR

21   MUNOZ AND HIS ATTORNEYS OF RECORD:

22        PLEASE TAKE NOTICE that Defendant Central Parking System, Inc.

23   hereby removes the above-captioned action from the Superior Court in the State of

24   California for the County of Los Angeles to the United States District Court for the

25   Central District of California. This removal is based on 28 U.S.C. sections 1332(d),

26   1441 and 1446.

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

Firmwide:96902498.2 024404.1000

Ex 1

# I.

## STATEMENT OF JURISDICTION

1.    The Class Action Fairness Act of 2005 ("CAFA"), vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). This case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

# II.

## VENUE

2.    This action was filed in the Superior Court of California for the County of Los Angeles. Venue properly lies with the United States District Court for the Central District of California – Western Division as the district and division embracing the place where the Action is pending. *See* 28 U.S.C. §§ 84(a) and 1441(a). Plaintiff Oscar Munoz was employed by Defendant in the County of Los Angeles and a substantial part of the alleged acts and omissions claimed in the Complaint occurred in this same county. *See* Complaint at ¶4, 28 U.S.C. §1391(a).

# III.

## PLEADINGS, PROCESS AND ORDERS

3.    Plaintiff's Complaint in this Action was filed on or about July 7, 2010. Defendant's agent for service of process was served on July 19, 2010.

4.    This case has been brought as a class-action lawsuit alleging various violations of the California Labor Code on behalf of a class defined as:

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:96902498.2 024404.1000

2.

All current and/or former employees of CENTRAL PARKING who were employed by CENTRAL PARKING in the State of California as non-exempt hourly paid employees at CENTRAL PARKING locations at any time during the period commencing four years prior to the fling of the Complaint until the date Notice of Class Certification is mailed.

5.     Plaintiff's Complaint sets forth six (6) purported causes of action for: (1) Failure To Pay Minimum Wage; (2) Failure To Pay Overtime Compensation; (3) Failure To Provide Meal Periods; (4) Violation of Wage Order §5 (Failure to pay "reporting time" pay); (5) Failure To Provide Accurate Itemized Wage Statements; and (6) Unfair Business Practices under California Business and Professions Code section 17200.

6.     Plaintiff has not amended his Complaint to name Does defendants 1 through 10, nor has he filed or served any documents identifying the Doe defendants or giving notice that the Doe defendants have been served.

7.     Since the Doe defendants have not yet been served, they are not required to join or consent to Defendant's Notice of Removal. *Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1426, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join the Notice of Removal).

8.     At the time of this removal, Defendant has not filed an answer or any other responsive pleading.

9.     On July 21, 2010, the Los Angeles County Superior Court issued an order designating this matter as non-complex and transferring the case internally from the complex division to Judge Mel Red Recana.

10.    To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Los Angeles County Superior Court.

11.    The complete case file from the Los Angeles County Superior Court for *Munoz v. Central Parking Systems, Inc.* (LASC Case # BC441087) is attached hereto as Exhibit A.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:96902498.2 024404.1000                    3.

# IV.

## TIMELINESS OF REMOVAL

12.    This Notice of Removal is timely under 28 U.S.C. section 1446(b) because 30 days have not elapsed since the service of the Summons and Complaint. Plaintiff filed his Complaint on July 7, 2010 and served the Summons and Complaint on July 19, 2010.

# V.

## DIVERSITY JURISDICTION PURSUANT TO CAFA

13.    CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).  Moreover, CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446.  As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this notice.

14.    This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not states, state officials or other governmental entities; (3) there is diversity between at least one class member and the sole named and served Defendant; and (4) the total amount in controversy for all class members exceeds $5 million.

### A.    The Proposed Class Contains More Than 100 Members

15.    28 U.S.C. section 1332(d)(5)(B) sets forth that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."  This requirement is easily met in the case at bar.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553.0308

Firmwide:96902498.2 024404.1000

4.

16.    Plaintiff seeks to represent a class consisting of "All current and/or former employees of CENTRAL PARKING who were employed by CENTRAL PARKING in the State of California as non-exempt hourly paid employees at CENTRAL PARKING locations at any time during the period commencing four years prior to the filing of the Complaint until the date Notice of Class Certification is mailed." Complaint at ¶18.

17.    Plaintiff's Complaint was filed on July 7, 2010.  Between July 7, 2006 and July 7, 2010, Defendant employed at least 4,698 non-exempt hourly employees in the State of California.  Declaration of Hulion Jacks at ¶8.

**B.    Defendant Central Parking System, Inc. Is Not A Governmental Entities**

18.    Under 28 U.S.C. section 1332(d)(5)(B), the CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

19.    Defendant Central Parking System, Inc. is a licensed Tennessee Corporation engaged in the business of owning, operating and managing parking facilities and related services.  Declaration of Henry J. Abbott at ¶5.  It is not a state, state official or other government entity exempt from the CAFA.

**C.    There Is Diversity Between At Least One Class Member And Defendants**

20.    Under 28 U.S.C. section 1332(d)(5), diversity is shown for purposes of a removal where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

21.    At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California.  Complaint at ¶ 5 ("Plaintiff OSCAR MUNOZ ... is a citizen of the State of California, residing in the county of Los Angeles."). *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*,

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553.0308

Firmwide:96902498.2 024404.1000          5.

1   19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of

2   residency "created a presumption of continuing residence in [state] and put the burden

3   of coming forward with contrary evidence on the party seeking to prove otherwise");

4   *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place

5   of residence provides "prima facie" case of domicile).  Therefore, Plaintiff is a citizen

6   of California.

7          22.    Conversely, Defendant is not a citizen of California.  For diversity

8   purposes, a corporation "shall be deemed a citizen of any State by which it has been

9   incorporated and of the State where it has its principal place of business." 28 U.S.C. §

10  1332(c)(1).

11         23.    Defendant is incorporated in the State of Tennessee.  Abbott

12  Declaration at ¶5.

13         24.    Similarly, Defendant's principal place of business is also in

14  Tennessee. *Id.*   The United States Supreme Court has established that the "nerve

15  center" test should be used to determine a corporation's "principal place of business."

16  *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (U.S. 2010).  A

17  corporation's "nerve center" is normally located where the corporation maintains its

18  corporate headquarters and where the "corporation's officers direct, control, and

19  coordinate the corporation's activities." *Id.*  In other words, a corporation's "principal

20  place of business" can be found where its "brain" is located. *Id.* at 1193.  This

21  analysis focuses on the place at which the corporation's executive and administrative

22  functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2d 1090,

23  1092-93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp.

24  1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining, among other

25  factors, where the corporation's headquarters are located and where its principal

26  policy and executive decisions are made).

27         25.    Central Parking System, Inc. maintains its corporate headquarters

28  in Nashville, Tennessee.  Abbott Declaration at ¶6.  Key executives of Central parking

1  System, Inc. are domiciled at the Company's Nashville, Tennessee headquarters. *Id.*
2  The Company's strategies and operational goals and initiatives are developed and
3  adopted in the Company's Nashville, Tennessee headquarters. *Id.*  Nashville,
4  Tennessee is also where the Company's centralized administrative functions and
5  operations are based. *Id.*  Nashville, Tennessee is the actual center of direction, control
6  and coordination for Central Parking System, Inc.'s operations. *Id.*   Under the
7  applicable standard, Defendant's principal place of business is indisputably located in
8  the State of Tennessee.

9        26.    Defendants Does 1 through 10 are fictitious.  The Complaint does
10  not set forth the identity or status of any said fictitious defendants, nor does it set forth
11  any charging allegation against any fictitious defendants.  Pursuant to Section 1441(a),
12  the citizenship of defendants sued under fictitious names must be disregarded for the
13  purposes of determining diversity jurisdiction and cannot destroy the diversity of
14  citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d
15  686, 690-91 (9th Cir. 1998).

16        27.    Accordingly, the named Plaintiff is a citizen of a State different
17  from Defendant, and diversity exists for purposes of CAFA jurisdiction. *See* 28
18  U.S.C. §§ 1332(d)(2)(A), 1453.

19  **D.    The Total Amount In Controversy Exceeds $5,000,000.00**
20        1.    Applicable Standard
21        28.    This Court has jurisdiction under CAFA, which authorizes the
22  removal of class action in which, among other factors mentioned above, the amount in
23  controversy for all class members exceeds $5 million.  28 U.S.C. § 1332(d).
24        29.    In a blatant attempt to disingenuously plead around the CAFA
25  requirements, Plaintiff alleges in his Complaint, "It is believed that the total sum owed
26  to the class alleged herein is less than $5 million, based on the anticipated size of the
27  Class and the amount in controversy for each member of the Class." Complaint at ¶1.
28  Plaintiff does not make any factual allegations regarding the anticipated size of the

LITTLER MENDELSON

Firmwide:96902498.2 024404.1000                    7.

1   Class, nor does he commit to an estimated amount in controversy for each class
2   member, despite apparently basing his assertion on these factors.  Indeed, Plaintiff
3   does not allege that he is actually seeking less than $5 million in damages/restitution,
4   nor does he voluntarily limit his recovery to an amount less than $5 million.  Thus,
5   Plaintiff's allegations regarding the amount in controversy are nothing more than
6   unsubstantiated and self-serving conclusions meant to frustrate removal under CAFA.
7          30.    Were plaintiffs allowed to unilaterally and conclusively evade
8   removal with a simple one-line allegation that less than $5 million is at issue in the
9   case, it would undermine the entire purpose of CAFA.  In fact, the courts have found
10  that statements such as those contained in Plaintiff's Complaint do nothing more than
11  create a rebuttable presumption that jurisdiction does not exist.
12         31.    In *Lowdermilk v. United States Bank National Assoc.*, 479 F.3d
13  994 (9th Cir. 2007), the Ninth Circuit established the standard applicable to evaluation
14  of a plaintiff's allegation that the CAFA jurisdictional damage threshold has not been
15  met.  Eschewing the district court's finding that it was bound by the Complaint
16  "unless plaintiff's prayer is determined to have been made in bad faith[,]" the
17  *Lowdermilk* court adopted the "legal certainty" test and found that "Where the
18  plaintiff has alleged her facts and pled her damages, and there is no evidence of bad
19  faith, the defendant must not only contradict the plaintiff's own assessment of
20  damages, but must overcome the presumption against federal jurisdiction."
21  *Lowdermilk* 479 F.3d at 999.  The *Lowdermilk* court noted that, "The 'legal certainty'
22  standard sets a high bar for the party seeking removal, but it is not insurmountable."
23         32.    Defendants can establish the amount in controversy by the
24  allegations in the Complaint, or by setting forth facts in the Notice of Removal that
25  demonstrate to a legal certainty that the amount in controversy exceeds the
26  jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th
27  Cir. 1996); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005)
28  ("[T]he requirement under CAFA that the amount in controversy exceed $ 5,000,000

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:96902498.2 024404.1000                    8.

1  in the aggregate may be established either from the viewpoint of the plaintiff or the

2  viewpoint of the defendant."). Thus, in addition to the contents of the removal

3  petition, the Court properly considers "summary-judgment-type evidence relevant to

4  the amount in controversy at the time of removal," such as affidavits or declarations,

5  in assessing the amount in controversy. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115,

6  1117 (9th Cir. 2004); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th

7  Cir. 1997).

8          33.    In measuring the amount in controversy, a court must assume that

9  the allegations of the Complaint are true and that a jury will return a verdict for the

10  plaintiff on all claims made in the Complaint. *Kenneth Rothschild Trust v. Morgan*

11  *Stanley Dean Witter,* 199 F. Supp. 2d 1001 (C.D. Cal. 2002). The ultimate inquiry is

12  what amount is put "in controversy" by the plaintiff's Complaint, not what a defendant

13  will actually owe. *Rippee,* 408 F. Supp. 2d at 986; *see also Scherer v. Equitable Life*

14  *Assurance Soc'y of the U.S.,* 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the

15  ultimate or provable amount of damages is not what is considered in the removal

16  analysis; rather, it is the amount put in controversy by the plaintiff's Complaint).

17         34.    Defendants deny the validity and merit of all of Plaintiff's claims,

18  the legal theories upon which they are purportedly based, and the claims for monetary

19  and other relief that flow from them. However, for purposes of removal only, and

20  without conceding that Plaintiff or the putative class is entitled to any damages or

21  penalties, it is readily apparent that the aggregated claims of the putative class

22  establish an amount "in controversy" well in excess of the jurisdictional minimum of

23  $5,000,000.

24         35.    The amount in controversy in this case is comprised of the

25  potential monetary recovery for his five non-equitable causes of action[1] together with

26

27  [1] (1); Failure to Pay Minimum Wage; (2) Failure to Pay Overtime; (3) Failure to
    Provide Meal Breaks; (4) Violation of Wage Order Section 5 (Reporting time and
28  call-in pay); and (5) Failure To Provide Accurate Itemized Wage Statement.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:96902498.2 024404.1000                    9.

1   his claim for statutory attorneys fees. *See Lowdermilk* at 479 F.3d at 1000 ("Where an

2   underlying statute authorizes an award of attorneys' fees, either with mandatory or

3   discretionary language, such fees may be include din the amount in controversy.'")

4   (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).).  As set

5   forth below and in the accompanying declarations, Plaintiff's claims unquestionably

6   exceed the $5 million jurisdictional threshold.

7       2.    Key Statistics and Facts

8           36.    Plaintiff asserts a class period that begins on July 7, 2006 and

9   continues through the present. Complaint at ¶18.

10          37.    Between July 7, 2006 and December 31, 2006, Defendant

11  employed at least 1,322 non-exempt hourly employees. Jacks Declaration at ¶9.

12          38.    Between January 1, 2007 and December 31, 2007, Defendant

13  employed at least 2,956 non-exempt hourly employees. Jacks Declaration at ¶10.

14          39.    Between January 1, 2008 and December 31, 2008, Defendant

15  employed at least 2,600 non-exempt hourly employees. Jacks Declaration at ¶11.

16          40.    Between January 1, 2009 and December 31, 2009, Defendant

17  employed at least 2,344 non-exempt hourly employees. Jacks Declaration at ¶12.

18          41.    Between January 1, 2010 and July 7, 2010, Defendant employed

19  at least 1,894 non-exempt hourly employees.  Jacks Declaration at ¶13.

20          42.    Between July 7, 2009 and July 7, 2010, Defendant employed at

21  least 2,247 non-exempt hourly employees. Jacks Declaration at ¶14.

22          43.    The total number of current and former employees in the putative

23  class is at least 4,698.  Jacks Declaration at ¶8.

24          44.    Anticipating Plaintiff's argument that the total number of putative

25  class members employed in a given year does not accurately reflect the actual number

26  of violations in that year because many employees would not be employed for the full

27  year due to their date of hire, termination of employment, etc., Defendant has

28  estimated that only 30% of the employees working in a given year worked the full 52

LITTLER MENDELSON
A Professional Corporation
2010 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553.0308

Firmwide:96902498.2 024404.1000                    10.

1  week period. This is a very conservative estimate. Based on its preliminary

2  calculations of available data from 2006 through 2009, Defendant estimates that this

3  percentage is approximately 44%. Jacks Declaration at ¶16. However, in the interest

4  of **conclusively** demonstrating that the most conservative and pared back estimates

5  reflect more than $5 million in dispute, Defendant has calculated the minimum

6  amount in controversy using this "30% Estimate."

7       45.    During the putative class period, the average hourly rate for all

8  non-exempt hourly employees was approximately $11.47/hour. Jacks Declaration at

9  ¶15. This results in an average premium (overtime) rate of approximately

10  $17.21/hour

11       46.    Throughout the putative class period, Defendant's employees were

12  paid every two weeks.

13      3.    <u>Calculation Of Amount In Controversy Related To Wage Statements</u>

14       47.    Plaintiff asserts that Defendant has "intentionally and willfully

15  failed to provide employees with complete and accurate wage statements" in violation

16  of California labor Code section 226(a). Complaint at ¶65. He seeks recovery of

17  "statutory penalties pursuant to California Labor Code §226(e)." Complaint at Prayer

18  For Relief ¶26.

19       48.    California Labor Code section 226(e) authorizes an aggrieved

20  employee to recover his actual damages or a statutory penalty of $50 per violation per

21  employee for all initial violations of Section 226(a) and a subsequent violation of

22  $100 per employee for every subsequent pay period in which the employer continues

23  fail to comply with Section 226(a). The statutory penalty under Section 226(e) is

24  capped at $4,000.00 per employee and claims for Section 226(e) penalties have a one

25  year statute of limitations.

26       49.    In the year prior to the filing of the Complaint, Defendant

27  employed 2,247 non-exempt hourly employees. Applying the "30% Estimate," to

28  assume that 674.1 employees were entitled to recovery a total penalty of $2,550 ($50

11.

1    for the initial violation and $100 for each of the 25 subsequent bi-weekly pay period),

2    the conservative estimate of the amount in controversy related strictly to the Wage

3    Statement claim is **$1,718,955.00** (647.1 employees x $2,550.00).

4          4.      Calculation of Amount In Controversy Related to Unpaid Overtime

5          50.     Plaintiff also asserts that "Plaintiff, and the member[s] of the Class,

6    have worked more than eight hours in a workday, as employees of Defendants"

7    without being paid wages at the applicable premium rate.  Complaint at ¶¶36-38.

8          51.     Plaintiff asserts that the practice of not paying employees earned

9    overtime wages has occurred "at all times relevant" to the dispute (Complaint at ¶36-

10   37), but he does not assert how many hours of overtime were worked each week by

11   the members of the putative class.  However, even assuming that 30% of Defendant's

12   non-exempt hourly employees worked only a <u>single</u> hour of uncompensated overtime

13   a week, this very conservative estimate of the amount in controversy related strictly to

14   the Overtime Claim over the four-year Class Period is $2,545,104.68.

15         52.     The following table summarizes Defendant's calculation of

16   Plaintiff's Overtime Claim.

17

| Year | # of Employees | 30% Estimate | 1 hour of OT at $17.21/hr. for applicable period |
|---|---|---|---|
| 2006 (partial) | 1322 | 396.6 | $170,587.58 |
| 2007 | 2956 | 886.8 | $793,384.49 |
| 2008 | 2600 | 780 | $697,834.80 |
| 2009 | 2344 | 703.2 | $629,124.91 |
| 2010 (partial) | 1894 | 568.2 | $254,172.91 |
| Total | | | $2,545,104.68 |

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

Firmwide:96902498.2 024404.1000

53.     An estimate of one hour of unpaid overtime for 30% of the workers employed in a given year is extremely conservative. Indeed, one could even argue that a finding that Defendant engaged in such sporadic conduct does not even constitute an employment practice suitable for class treatment. Thus, **$2,545,104.68** essentially represents a very reliable minimum amount at issue on the overtime claims.

5.     Calculation Of Amount In Controversy Related To Missed Meal Periods

54.     Plaintiff contends that he and the members of the putative class were not provided uninterrupted thirty minute meal periods as required by Labor Code sections 226.7 and 512(a). Complaint at ¶¶47-51.

55.     Plaintiff asserts that during the 15-week period of September 21, 2009 through December 31, 2009, Plaintiff "was not able to take a meal break at all on at least three occasions and was not able to take a full 30 minute meal period on at least 28 occasions. In addition, during that same period, Plaintiff was denied a second meal break on at least 14 occasions where Plaintiff's shift length called for a second meal period." Complaint at ¶13. Thus, Plaintiff estimates that he either had a missed or short initial meal period approximately twice per week and was not able to take a second meal period approximately once per week.

56.     Plaintiff asserts that his claims are "typical of all class members' claims." Complaint at ¶21. However, even if the court were to be extremely conservative again and estimate that 30% of the potential class members missed just a single meal period per week (far less than the three missed first or second periods per week asserted by Plaintiff), the total amount in controversy related to the meal period claims is approximately **$1,696,736.45**.

57.     The following table summarizes Defendant's conservative calculation of Plaintiff's Meal Period Claim.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:96902498.2 024404.1000                    13.

| Year | # of Employees | 30% Estimate | Penalties for one missed meal period per week |
|---|---|---|---|
| 2006 (partial) | 1322 | 396.6 | $113,725.05 |
| 2007 | 2956 | 886.8 | $528,922.99 |
| 2008 | 2600 | 780 | $465,223.20 |
| 2009 | 2344 | 703.2 | $419,416.61 |
| 2010 (partial) | 1894 | 568.2 | $169,448.60 |
| Total | | | $1,696,736.45 |

6.    <u>Calculation Of Amount In Controversy Related To Unpaid Minimum Wages</u>

58.    Plaintiff alleges that "Plaintiff, and members of the Class, frequently worked time for which they were not compensated." Although the Complaint does not specify how often the alleged conduct occurred, the Merriam-Webster online dictionary defines "frequent" to mean "often repeated or occurring." *See* http://www.merriam-webster.com/dictionary/frequent.

59.    In light of the tenor and content of Plaintiff's minimum wage allegations, a conservative estimate of **one hour** of unpaid minimum wages per week for only 30% of the putative class members must certainly capture the very lowest threshold of Plaintiff's allegations. Applying these estimates, Plaintiff's minimum wage claims add **$998,515.35** to the amount potentially at issue in this case.

60.    The following table summarizes Defendant's calculation of Plaintiff's Meal Period Claim.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553-0308

Firmwide:96902498.2 024404.1000

14.

| Year | # of Employees | 30% Estimate | Unpaid minimum wages at issue |
|---|---|---|---|
| 2006 (partial) | 1322 | 396.6 | $66,926.25 |
| 2007 | 2956 | 886.8 | $311,266.80 |
| 2008 | 2600 | 780 | $273,780.00 |
| 2009 | 2344 | 703.2 | $246,823.20 |
| 2010 (partial) | 1894 | 568.2 | $99,719.10 |
| Total | | | $998,515.35 |

7.   Calculation Of Amount In Controversy Related To Failure To Compensate For Reporting Time Pay

61.   Plaintiff alleges that "On numerous occasions, Plaintiff and Class members reported for work but were sent home after being furnished with less than half the scheduled number of hours of work." Complaint at ¶58.  Were these allegations to be true, the aggrieved employees would be entitled to recover "Reporting Time" pay equal to either two or four hours of wages depending on the amount of time scheduled and worked.

62.   Plaintiff's use of the term "numerous" in describing the frequency of the alleged violations suggests that, at a minimum, the complained-of practices occurred more than once.[2]  Applying an estimate of one missed reporting time period of two hours (again, the lower of the two potential claims) per year for only 30% of the putative class members, Plaintiff's Reporting Time claims add approximately **$76,500.31** to the amount potentially at issue in this case.

63.   The following table summarizes Defendant's calculation of Plaintiff's Reporting Time Claim.

---

[2] Merriam-Webster's online dictionary defines "numerous" as meaning - "consisting of great numbers of units or individuals" and also "many." *See* http://www.merriam-webster.com/dictionary/numerous

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:96902498.2 024404.1000                    15.

| Year | # of Employees | 30% Estimate | Unpaid Reporting Time At Issue (Two hours of pay once per year) |
|---|---|---|---|
| 2006 (partial) | 1322 | 396.6 | $9,098.00 |
| 2007 | 2956 | 886.8 | $20,343.19 |
| 2008 | 2600 | 780 | $17,893.20 |
| 2009 | 2344 | 703.2 | $16,131.41 |
| 2010 (partial) | 1894 | 568.2 | $13,034.51 |
| Total | — — | | $76,500.31 |

8.   **The Minimum Aggregate Amount At Issue Is Well In Excess Of The Jurisdictional Minimum**

64.   Based on the above calculations, Defendant's extremely conservative estimate of the aggregate minimum amount in controversy is $7,035,811.80 as summarized below:

| Plaintiff's Alleged Claim | Minimum Amount In Controversy |
|---|---|
| Penalties for Incomplete or Inaccurate Wage Statements | $1,718,955.00 |
| Unpaid Overtime | $2,545,104.68 |
| Missed Meal Periods | $1,696,736.45 |
| Minimum Wage | $998,515.35 |
| Reporting Time | $76,500.31 |
| Total | $7,035,811.80 |

65.   Defendant's conservative calculation of $7,035,811.80 is well in excess of the jurisdictional minimum.  This is before adding in an amount representing Plaintiff's potential recovery of attorney's fees and costs if he were to prevail at trial.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:96902498.2 024404.1000

16.

66.   In light of the above, there is no question that Plaintiff's claims exceed the jurisdictional minimum as a "legal certainty." Accordingly, the "amount in controversy" requirement under CAFA is satisfied in this case.

## VI.

## NOTICE TO PLAINTIFF AND STATE COURT

67.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, Spiro Moss, LLP and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court.

Dated:   August 18, 2010

KEITH A. JACOBY
GREGORY P. WONG
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
CENTRAL PARKING SYSTEM, INC.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553 0308

Firmwide:96902498.2 024404.1000                    17.

# EXHIBIT A

Page 18

1  Dennis F. Moss, Esq. (State Bar No. 77512)
   H. Scott Leviant, Esq. (State Bar No. 200834)
2  Linh Hua, Esq. (State Bar No. 247419)
   **SPIRO MOSS LLP**
3  11377 W. Olympic Blvd., 5th Floor
   Los Angeles, California 90064-1683
4  Telephone: (310) 235-2468
   Facsimile:  (310) 235-2456
5  e-mail:   ira@spiromoss.com
             scott@spiromoss.com
6            linh@spiromoss.com

7  Sahag Majarian, II, Esq. (State Bar No. 146621)
   **LAW OFFICES OF SAHAG MAJARIAN, II**
8  18250 Ventura Boulevard
   Tarzana, California 91356
9  Telephone:  (818) 609-0807
   Facsimile:  (818) 609-0892
10 sahagii@aol.com

11 Attorneys for Plaintiff

*FILED*
*Superior Court of California*
*County of Los Angeles*

**JUL 0 7 2010**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
GINA GRIDER

324 CCW Emilie H. Elias

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13              COUNTY OF LOS ANGELES

14                                        BC 441 087

15 OSCAR MUNOZ, individually, and on behalf
   of all others similarly situated,          Case No.:
16
                Plaintiff,                     **CLASS ACTION COMPLAINT FOR:**
17
         vs.                                   1.  Failure to pay minimum wage
18                                                 [Lab. Code § 1194 and Minimum Wage
   CENTRAL PARKING SYSTEM, INC., a                 Order];
19 Tennessee corporation;
   and DOES 1 through 10, inclusive,           2.  Failure to pay overtime compensation
20                                                 [Lab. Code §§ 1194 and 1198];
                Defendants.
21                                             3.  Failure to provide meal periods
                                                   [Lab. Code §§ 226.7 and 512];
22
                                               4.  Violation of Wage Order § 5 (Failure to
23                                                 Pay Reporting Time and Call-In Pay);
24                                             5.  Failure to provide accurate itemized wage
                                                   statements
25                                                 [Lab. Code § 226]
26                                             6.  Unfair Business Practices
                                                   [Bus. & Prof. Code § 17200 et seq.]
27
                                               **DEMAND FOR JURY TRIAL**
28
                                               Exhibit A Page 19

Page 1
**CLASS ACTION COMPLAINT**

SPIRO MOSS LLP

Plaintiff OSCAR MUNOZ, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1.      This class action is brought pursuant to California Code of Civil Procedure § 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for each class representative, including claims for compensatory damages and pro rata share of attorneys' fees, is less than $75,000.  It is believed that the total sum owed to the Class alleged herein is less that $5 million, based upon the anticipated size of the Class and the amount in controversy for each member of the Class.

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES TO EACH CAUSE OF ACTION

5.      Plaintiff OSCAR MUNOZ ("Plaintiff") is a citizen of the State of California, residing in the county of Los Angeles.  Plaintiff is employed by Defendant CENTRAL PARKING SYSTEM, INC. in Los Angeles County, California.

Exhibit A Page 20

SPIRO MOSS LLP

6.       Plaintiff reserves the right to seek leave to amend this complaint to add new Plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association*, 5 Cal. 3d 864, 872 (1971), and other applicable law.

.7.       Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant CENTRAL PARKING SYSTEM, INC. ("CENTRAL PARKING") is, and at all times herein mentioned was:

         (a)      A Tennessee corporation;

         (b)      Qualified to do business and actually doing extensive business in California; and,

         (c)      An employer of Plaintiff and a current and/or former employer of the putative CLASS members.

8.       Plaintiff does not know the true names or capacities of the persons or entities sues herein as Does 1-10, inclusive, and therefore sue said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff and the Class Members as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

9.       At all times mentioned herein, the Defendants named as Does 1-10, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured a significant number of the Class Members including Plaintiff, in, the State of California.

10.       At all times mentioned herein, each Defendant was the agent, servant, or employee of the other Defendants and in acting and omitting to act as alleged herein did so within the course and scope of that agency or employment.

. . . .

## DEFENDANT'S CONDUCT

11.       CENTRAL PARKING is North America's largest parking services provider. Defendant owns, operates and manages parking and related services including: surface and

SPIRO MOSS LLP

1  multi-level parking facilities; customer and employee shuttle services; valet and special event

2  parking; parking meter enforcement; design consultation; toll-road collections; and parking

3  notice and collection services.

4        12.    Maximum labor from the minimum number of staff members is the rule at

5  facilities operated by CENTRAL PARKING. One way that Defendant achieves this goal is by

6  manipulating records of hours worked and manipulating payroll processing procedures to

7  avoid paying overtime. For example, Defendant will issue two paychecks for a pay period to

8  minimize or eliminate overtime hours worked during a pay period. Not only does this

9  illegally reduce overtime wages owed to employees, but it renders the multiple wage

10  statements confusing and difficult to reconcile against actual hours worked.

11        13.    In addition, as a result of the work burdens placed on employees, they are

12  routinely unable to take a legally sufficient meal period. Employees must truncate or skip

13  meal periods and return to their jobs. For example, during the period of September 21, 2009

14  through December 31, 2009, Plaintiff was not able to take a meal break at all on at least three

15  occasions and was not able to take a full 30 minute meal period on at least 28 occasions. In

16  addition, during that same period, Plaintiff was denied a second meal break on at least 14

17  occasions where Plaintiff's shift length called for a second meal period.

18        14.    Because cost containment was and is always a major issue at CENTRAL

19  PARKING, employees are not paid reporting time pay when they attend mandatory meetings

20  lasting less than two hours.

21        15.    CENTRAL PARKING claims to provide holiday pay for regular full-time and

22  regular part-time employees working more than 24 hours per week, with at least 90 days of

23  service. The benefit provides, in part, that non-exempt employee "who are asked to work on a

24  holiday will receive regular pay for actual hours worked in addition to holiday pay."

25  CENTRAL PARKING does not comply with its own promises, failing on multiple occasions

26  to pay employees working on holidays their holiday pay in addition to pay for the actual hours

27  worked.

28

SPIRO MOSS LLP

Exhibit A Page 22

CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure § 382.

17.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

18.     The proposed Class consists of and is defined as:

All current and/or former employees of CENTRAL PARKING who were employed by CENTRAL PARKING in the State of California as non-exempt hourly paid employees at CENTRAL PARKING locations at any time during the period commencing four years prior to the filing of the Complaint until the date Notice of Class Certification is mailed.

19.     Plaintiff reserves the right to establish sub-classes as appropriate.

20.     At all material times, Plaintiff was a member of the class.

21.     There is a well-defined community of interest in the litigation and the class is readily ascertainable:

(a)     Numerosity:  The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be greater than two hundred individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

(b)     Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared, well-defined community of interest. Plaintiff's claims are typical of all class members' claims.  For example, Plaintiff is employed by Defendant an hourly position, and Plaintiff is compensated in the same manner as the member of the class.

(c)     Adequacy:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom there is a shared,

well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.

(d)  Superiority: A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)  The interests of the members of the class in individually controlling the prosecution or defense of separate actions;

    2)  The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;

    3)  The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    4)  The difficulties likely to be encountered in the management of a class action.

(e)  Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

22.  There are common questions of law and fact as to the class (and each subclass,

Exhibit A Page 24

SPIRO MOSS LLP

1   if any) that predominate over questions affecting only individual members, including but not

2   limited to:

3           (a)     Whether Defendants' failure to pay wages, without abatement or

4                 reduction, in accordance with the California Labor Code, was willful;

5           (b)     Whether Defendants required Plaintiff and Class members to work over

6                 eight hours per day, over 12 hours per day, and/or over forty 40 hours

7                 per week and failed to pay legally required overtime compensation to

8                 Plaintiff and Class members;

9           (c)     Whether Defendants deprived Plaintiff and Class members of meal

10                periods or required Plaintiff and Class members to work during meal

11                periods without compensation;

12          (d)     Whether Defendants complied with wage reporting as required by the

13                California Labor Code, including but not limited to section 226;

14          (e)     Whether Defendants failed to compensate Plaintiffs and class members

15                in the manner required by Section 5, governing reporting and call-in

16                pay, of the applicable IWC Wage Order;

17          (f)     Whether Defendants' conduct was willful or reckless;

18          (g)     The appropriateness of liquidated damages under Labor Code § 1194.2;

19          (h)     Whether Defendants engaged in unfair business practices in violation of

20                California Business & Professions Code § 17200, et seq.; and,

21          (i)     The appropriate amount of damages, restitution, or monetary penalties

22                resulting from Defendants' violations of California law.

23      23.    This Court should permit this action to be maintained as a class action pursuant

24  to California Code of Civil Procedure § 382 because:

25          (a)     The questions of law and fact common to the class predominate over

26                any question affecting only individual members;

27          (b)     A class action is superior to any other available method for the fair and

28                efficient adjudication of the claims of the members of the class;

SPIRO MOSS LLP

CLASS ACTION COMPLAINT      Exhibit A Page 25

(c) The members of the class are so numerous that it is impractical to bring all members of the class before the Court;

(d) Plaintiff, and the other members of the class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the class for the injuries sustained;

(f) Without class certification, the prosecution of separate actions by individual members of the class would create a risk of:

1) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendants; and/or

2) Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

(g) Defendants have acted or refused to act on grounds generally applicable to the class, thereby making final injunctive relief appropriate with respect to the class as a whole.

24. Plaintiff contemplates the eventual issuance of notice to the proposed members of the class that would set forth the subject and nature of the instant action. The Defendants' own business records may be utilized for assistance in the preparation and issuance of the

1   contemplated notices.  To the extent that any further notices may be required, Plaintiff would

2   contemplate the use of additional media and/or mailings.

3

4   ### FIRST CAUSE OF ACTION

5   #### Failure to pay minimum wages

6   #### (Against all Defendants)

7       25.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

8   material allegations set out in paragraphs 1 through 24.

9       26.    "Hours worked" is the time during which an employee is subject to the control

10  of an employer, and includes all the time the employee is suffered or permitted to work,

11  whether or not required to do so.

12      27.    Labor Code § 1194 states:

13  Notwithstanding any agreement to work for a lesser wage, any employee
    receiving less than the legal minimum wage or the legal overtime compensation
14  applicable to the employee is entitled to recover in a civil action the unpaid
    balance of the full amount of this minimum wage or overtime compensation,
15  including interest thereon, reasonable attorney's fees, and costs of suit.

16      28.    As described above, Plaintiff, and members of the Class, frequently worked

17  time for which they were not compensated.  At all relevant times herein mentioned,

18  Defendants knowingly failed to pay to Plaintiff, and the other members of the Class minimum

19  wages as determined by the Industrial Welfare Commission, for all hours they worked.

20      29.    By and through the conduct described above, the Plaintiff and the other

21  members of the Class, have been deprived of their rights to be paid minimum wages earned by

22  virtue of their employment with Defendants.

23      30.    Labor Code § 1194.2 provides that, in any action under Section 1194 to recover

24  wages because of the payment of a wage less than the minimum wage fixed by an order of the

25  commission, an employee shall be entitled to recover liquidated damages in an amount equal

26  to the wages unlawfully unpaid and interest thereon.

27      31.    By virtue of the Defendants' unlawful failure to pay additional compensation to

28  the Class for their non-overtime hours worked without pay, the Class has suffered, and will

SPIRO MOSS LLP

Page 9
CLASS ACTION COMPLAINT

Exhibit A Page 27

1  continue to suffer, damages in amounts which are presently unknown to the Class, but which

2  exceed the jurisdictional limits of this Court, and which will be ascertained according to proof

3  at trial.

4        32.    The Class is also entitled to seek recovery of all unpaid minimum wages,

5  interest, and reasonable attorneys' fees and costs pursuant to Cal. Labor Code § 1194.

6

7                        **SECOND CAUSE OF ACTION**

8              **Violation of Cal. Lab. Code §§ 510, 515.5, 1194 and 1198**

9                   **(By the CLASS and Against All Defendants)**

10       33.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

11  material allegations set out in paragraphs 1 through 32.

12       34.    California Labor Code § 510 provides that employees in California shall not be

13  employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless

14  they receive additional compensation beyond their regular wages in amounts specified by law.

15       35.    California Labor Code §§ 1194 and 1198 provide that employees in California

16  shall not be employed more than eight hours in any workday unless they receive additional

17  compensation beyond their regular wages in amounts specified by law.  Additionally,

18  California Labor Code § 1198 states that the employment of an employee for longer hours

19  than those fixed by the Industrial Welfare Commission is unlawful.  The governing Wage

20  Order of the Industrial Welfare Commission requires, among other things, payment of a

21  premium wage rate for all hours worked in excess of eight hours per day or 40 hours per

22  week.

23       36.    At all times relevant hereto, Plaintiff, and the member of the Class, have

24  worked more than eight hours in a workday, as employees of Defendants.  Further, at all times

25  relevant hereto, Plaintiff, and the members of the Class, have been paid on an hourly basis.

26       37.    At all times relevant hereto, Defendants failed to pay Plaintiff, and the other

27  members of the Class, overtime compensation for the hours they have worked in excess of the

28  maximum hours permissible by law as required by California Labor Code § 510 and 1198.

SPIRO MOSS LLP

1   Plaintiff and the other members of the Class are regularly required to work overtime hours.

2       38.     By virtue of Defendants' unlawful failure to pay additional, premium rate

3   compensation to the Plaintiff, and the other members of the Class, for their overtime hours

4   worked, the Plaintiff, and the other members of the Class, have suffered, and will continue to

5   suffer, damages in amounts which are presently unknown to them but which exceed the

6   jurisdictional limits of this Court and which will be ascertained according to proof at trial.

7       39.     By failing to keep adequate time records required by Labor Code § 1174(d),

8   CENTRAL PARKING has made it difficult to calculate the overtime compensation due

9   Plaintiff and the Class Members.

10      40.     CENTRAL PARKING acted intentionally, oppressively, and maliciously

11  toward the Plaintiffs and the other members of the Class, with a conscious disregard of their

12  rights, or the consequences to them, with the intent of depriving them of property and legal

13  rights and otherwise causing them injury.

14      41.     Plaintiff, and the other members of the Class, request recovery of overtime

15  compensation according to proof, interest, attorney's fees and costs pursuant to California

16  Labor Code § 1194(a), as well as the assessment of any statutory penalties against Defendants,

17  in a sum as provided by the California Labor Code and/or other statutes. Further, Plaintiff,

18  and the other members of the Class, are entitled to seek and recover reasonable attorneys' fees

19  and costs pursuant to California Labor Code § 1194.

20

21              **THIRD CAUSE OF ACTION**

22       Violation of California Labor Code §§ 226.7 and 512(a)

23                (Against all Defendants)

24      42.     Plaintiff incorporates by reference and re-allege as if fully stated herein the

25  material allegations set out in paragraphs 1 through 41.

26      43.     At all times herein set forth, the applicable IWC Wage Order and California

27  Labor Code §§ 226.7 and 512(a) were applicable to Plaintiffs' and Class members'

28  employment by Defendants.

44. At all times herein set forth, California Labor Code § 226.7 provided and provides that no employer shall require an employee to work during any meal period.

45. At all times herein set forth, California Labor Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five hours per day without providing the employee with an uninterrupted meal period of not less than 30 minutes, except that if the total work period per day of the employee is not more than six hours, the meal period may be waived by mutual consent of both the employer and the employee.

46. At all times herein set forth, California Labor Code § 512(a) further provide that an employer may not require, cause or permit an employee to work for a period of more than ten hours per day without providing the employee with a second uninterrupted meal period of not less than 30 minutes, except that if the total hours worked is not more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

47. During the relevant time period, Plaintiff and Class members who were scheduled to work for a period of time no longer than six hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five hours without an uninterrupted meal period of not less than 30 minutes.

48. During the relevant time period, Plaintiff and Class members who were scheduled to work for a period of time in excess of six hours were required to work for periods longer than five hours without an uninterrupted meal period of not less than 30 minutes.

49. During the relevant time period, Plaintiff and Class members who worked in excess of ten hours but no longer than 12 hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of ten hours without receiving a second uninterrupted meal period of not less than 30 minutes.

50. Defendants also attempted to circumvent their obligation to provide Class members with their meal breaks by rounding short meal periods up to 30 minutes and

1    undercounting hours worked by Class members.

2        51.    During the relevant time period, Defendants willfully required Plaintiff and

3    Class members to work during meal periods and failed to compensate Plaintiff and Class

4    members for work performed during meal periods.

5        52.    During the relevant time period, Defendants failed to pay Plaintiff and Class

6    members the full meal period premium due pursuant to California Labor Code § 226.7.

7        53.    Defendants' conduct violates California Labor Code §§ 226.7 and 512(a).

8        54.    Pursuant to California Labor Code § 226.7(b), Plaintiff and Class members are

9    entitled to recover from Defendants one additional hour of pay at the employees' regular

10   hourly rate of compensation for each work day that the meal period was not provided.

11

12                          **FOURTH CAUSE OF ACTION**

13                       **Violation of IWC Wage Order, § 5**

14                            **(Against all Defendants)**

15       55.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

16   material allegations set out in paragraphs 1 through 54.

17       56.    Section 5 of California's Wage Orders, governing Reporting Time Pay,

18   provides:

19       (A) Each workday an employee is required to report for work and does report,
         but is not put to work or is furnished less than half said employee's usual or
20       scheduled day's work, the employee shall be paid for half the usual or
         scheduled day's work, but in no event for less than two (2) hours nor more than
21       four (4) hours, at the employee's regular rate of pay, which shall not be less
         than the minimum wage.

22
         (B) If an employee is required to report for work a second time in any one
23       workday and is furnished less than two (2) hours of work on the second
         reporting, said employee shall be paid for two (2) hours at the employee's
24       regular rate of pay, which shall not be less than the minimum wage.

25       (C) The foregoing reporting time pay provisions are not applicable when:

26       (1) Operations cannot commence or continue due to threats to employees or
         property; or when recommended by civil authorities; or

27
         (2) Public utilities fail to supply electricity, water, or gas, or there is a failure in
28       the public utilities, or sewer system; or

SPIRO MOSS LLP

(3) The interruption of work is caused by an Act of God or other cause not within the employer's control.

(D) This section shall not apply to an employee on paid standby status who is called to perform assigned work at a time other than the employee's scheduled reporting time.

57.     During the relevant time period, Plaintiff and Class members were scheduled to work assigned shifts at CENTRAL PARKING locations.

58.     On numerous occasions, Plaintiff and Class members reported for work but were sent home after being furnished with less than half the scheduled number of hours of work. On all such occasions, Defendants failed to compensate Plaintiff and Class members in the manner specified in Section 5 of California's Wage Orders. Specifically, in shifts of less than four hours in length, Plaintiff and Class members did not receive at least two hours of pay when furnished less than two hours of work. In shifts of four to eight hours in length, Plaintiff and Class members did not receive pay equal to half the scheduled shift length when furnished less than half the scheduled number of hours of work. In shifts of more than eight hours in length, Plaintiff and Class members did not receive at least four hours of pay when furnished less than four hours of work.

59.     Defendants' unlawful failure to pay all reporting time and call-in wages owed to its employees was not the result of threats to employees or property or recommendations by civil authorities. Defendants' unlawful failure to pay all reporting time and call-in wages owed to its employees was not the result of the failure of public utilities to supply electricity, water, or gas, or a failure in the public utilities or sewer system. Defendants' unlawful failure to pay all reporting time and call-in wages owed to its employees was not the result of any "Act of God" or other cause outside the employer's control.

60.     Plaintiff and members of the Class were not on paid standby status.

61.     By virtue of the Defendants' unlawful failure to pay all compensation owed to Plaintiff and Class members for their hours worked, Plaintiff and Class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to the Plaintiff and Class members but which exceeds the jurisdictional limits of this Court, and

SPIRO MOSS LLP

1   which will be ascertained according to proof at trial.

2       62.    Plaintiff and Class members are also entitled to seek recovery for all interest

3   and reasonable attorneys' fees and costs pursuant to Cal. Labor Code §§ 218.5 and 218.6.

4

5   ### FIFTH CAUSE OF ACTION

6   ### Violation of California Labor Code § 226(a)

7   ### (Against all Defendants)

8       63.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

9   material allegations set out in paragraphs 1 through 62.

10       64.    At all material times set forth herein, California Labor Code § 226(a) provided

11   that every employer shall furnish each of his or her employees an accurate itemized wage

12   statement in writing showing nine pieces of information, including: (1) gross wages earned,

13   (2) total hours worked by the employee, (3) the number of piece-rate units earned and any

14   applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided

15   that all deductions made on written orders of the employee may be aggregated and shown as

16   one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is

17   paid, (7) the name of the employee and the last four digits of his or her social security number

18   or an employee identification number other than a social security number, (8) the name and

19   address of the legal entity that is the employer, and (9) all applicable hourly rates in effect

20   during the pay period and the corresponding number of hours worked at each hourly rate by

21   the employee.

22       65.    Defendants have intentionally and willfully failed to provide employees with

23   complete and accurate wage statements. The deficiencies include, among other things, the

24   failure to correctly identify (a) the gross wages earned, (b) all applicable hourly rates in effect

25   during the pay period and the corresponding number of hours worked at each hourly rate, and

26   (c) total hours worked by the employee.

27       66.    As a result of Defendants' violation of California Labor Code § 226(a),

28   Plaintiff and the members of the Class have suffered injury and damage to their statutorily-

SPIRO MOSS LLP

1    protected rights.

2        67.    Specifically, Plaintiff and the members of the Class have been injured by

3    Defendants' intentional violation of California Labor Code § 226(a) because they were denied

4    both their legal right to receive, and their protected interest in receiving, accurate, itemized

5    wage statements under California Labor Code § 226(a).

6        68.    Plaintiff was also injured as a result of having to bring this action to attempt to

7    obtain correct wage information following Defendant's refusal to comply with many of the

8    mandates of California's Labor Code and related laws and regulations.

9        69.    Plaintiff and Class members are entitled to recover from Defendants the greater

10   of their actual damages caused by Defendants' failure to comply with California Labor Code §

11   226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

12       70.    Plaintiff and the members of the Class are also entitled to injunctive relief to

13   ensure compliance with this section, pursuant to California Labor Code § 226(g).

14

15                          **SIXTH CAUSE OF ACTION**

16          **Violation of California Business & Professions Code § 17200, et seq.**

17                          **(Against all Defendants)**

18       71.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

19   material allegations set out in paragraphs 1 through 60.

20       72.    Defendants, and each of them, are "persons" as defined under Business &

21   Professions Code § 17021.

22       73.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

23   unlawful, and harmful to Plaintiff, other class members, and to the general public.  Plaintiff

24   seeks to enforce important rights affecting the public interest within the meaning of Code of

25   Civil Procedure § 1021.5.

26       74.    Defendants' activities, as alleged herein, are violations of California law, and

27   constitute unlawful business acts and practices in violation of California Business &

28   Professions Code § 17200, et seq.

SPIRO MOSS LLP

75.    A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law.  All of the acts described herein as violations of, among other things, the California Labor Code and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code § 17200, et seq.

### Failing to Pay Wages

76.    Defendants' failure to pay minimum wages constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Pay Overtime

77.    Defendants' failure to pay overtime compensation and other benefits in violation of Cal. Labor Code §§ 510, 1197, 1198, Penal Code §§ 484 and 532 (obtaining labor through false pretenses), constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Provide Meal Periods

78.    Defendants' failure to provide legally required meal periods in violation of the Labor Code, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

### Failing to Provide Accurate Itemized Wage Statements

79.    Defendants' failure to provide accurate itemized wage statements in accordance with Labor Code § 226, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code § 17200, et seq.

80.     By and through their unfair, unlawful and/or fraudulent business practices described herein, the Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

81.     Plaintiff and the other class members suffered monetary injury as a direct result of Defendants' wrongful conduct.

82.     The Plaintiff, individually, and on behalf of members of the putative class, is entitled to, and does, seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff, and the members of the putative class, are not obligated to establish individual knowledge of the unfair practices of Defendant in order to recover restitution.

83.     The Plaintiff, individually, and on behalf of members of the putative class, is further entitled to and do seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

84.     The Plaintiff, individually, and on behalf of members of the putative class, has no plain, speedy, and/or adequate remedy at law to redress the injuries which she has suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, the Plaintiff, individually, and on behalf of members of the putative class, has suffered and will continue to suffer irreparable harm unless the Defendants, and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

85.     The Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other holdings.

86.     Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff

SPIRO MOSS LLP

1  and putative class members are entitled to restitution of the wages withheld and retained by

2  Defendants during a period that commences four years prior to the filing of this complaint; a

3  permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

4  Class members; an award of attorneys' fees pursuant to California Code of Civil Procedure §

5  1021.5 and other applicable laws; and an award of costs.

## PRAYER FOR RELIEF

8      Plaintiff, individually, and on behalf of all others similarly situated, prays for relief and

9  judgment against Defendants, jointly and severally, as follows:

### Class Certification

12  1.      That this action be certified as a class action;

13  2.      That Plaintiff be appointed as the representative of the Class; and

14  3.      That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

17  4.      That the Court declare, adjudge and decree that Defendants violated Labor

18  Code § 1194;

19  5.      For general unpaid wages and such general and special damages as may be

20  appropriate;

21  6.      For pre-judgment interest on any unpaid compensation commencing from the

22  date such amounts were due;

23  7.      For liquidated damages according to proof;

24  8.      For reasonable attorneys' fees and for costs of suit incurred herein; and

25  9.      For such other and further relief as the Court may deem equitable and

26  appropriate.

### As to the Second Cause of Action

SPIRO MOSS LLP

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 510 and 1198 and applicable IWC Wage Orders by wilfully failing to pay all overtime wages due to Plaintiff and Class members;

11. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

12. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a); and,

14. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Third Cause of Action

15. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders by wilfully failing to provide all meal periods (including second meal periods) to Plaintiff and Class members;

16. That the Court make an award to the Plaintiffs and Class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

17. For all actual, consequential, and incidental losses and damages, according to proof;

18. For premiums pursuant to California Labor Code § 226.7(b);

19. For pre-judgment interest on any unpaid wages from the date such amounts were due; and.

20. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fourth Cause of Action

SPIRO MOSS LLP

21. That the Court declare, adjudge and decree that Defendants violated Section 5 of the applicable IWC Wage Orders as to Plaintiff and class members, and willfully failed to pay for reporting time and call-in time as required by law;

22. For all actual, consequential and incidental losses and damages, according to proof;

23. For injunctive relief to ensure compliance with this Wage Order provision; and

24. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

25. That the Court find that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiff and class members, and wilfully failed to provide accurate itemized wage statements thereto;

26. For all actual, consequential and incidental losses and damages, according to proof;

27. For statutory penalties pursuant to California Labor Code § 226(e);

28. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g); and,

29. For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

30. That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code §§ 17200, et seq. by failing to provide Plaintiff and Class members all compensation due to them, failing to pay meal period premium payments for missed meal periods to Plaintiff and class members, failing to provide accurate itemized wage statements, failing to pay reporting time pay, and failing to pay Plaintiff's and class members' wages timely as required by California Labor Code §§ 201, 202 and 203;

SPIRO MOSS LLP

31.     For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

32.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of Business & Professions Code §§ 17200 et seq.;

33.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure § 1021.5;

34.     For injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code § 17200, et seq.; and,

35.     For such other and further relief as the Court may deem equitable and appropriate.

Dated: July 6, 2010                          Respectfully submitted,

                                             SPIRO MOSS LLP

                                             By: _____
                                             Dennis F. Moss
                                             H. Scott Leviant
                                             Linh Hua

                                             LAW OFFICES OF SAHAG MAJARIAN, II
                                             Sahag Majarian, II

                                             Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: July 6, 2010                    Respectfully submitted,

SPIRO MOSS LLP

By: _____
Dennis F. Moss
H. Scott Leviant
Linh Hua

LAW OFFICES OF SAHAG MAJARIAN, II
Sahag Majarian, II

Attorneys for Plaintiff

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> H. Scott Leviant, Esq. (SBN 200834) <br> scott@spiromoss.com <br> SPIRO MOSS LLP <br> 11377 West Olympic Boulevard, 5th Floor <br> Los Angeles, California 90064 <br> TELEPHONE NO.: (310) 235-2468   FAX NO.: (310) 235-2456 <br> ATTORNEY FOR *(Name):* Plaintiff | **FOR COURT USE ONLY** <br><br> **FILED** <br> Superior Court of California <br> County of Los Angeles <br><br> JUL 07 2010 <br><br> John A. Clarke, Executive Officer/Clerk <br> By _____, Deputy <br> GINA GRIDER |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90064
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: MUNOZ VS. CENTRAL PARKING SYSTEM, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [x] Unlimited <br> (Amount demanded exceeds $25,000) | [ ] Limited <br> (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | **BC 441087** <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation <br> (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) <br> [ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06) <br> [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) <br> [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) <br> [ ] Insurance coverage (18) <br> [ ] Other contract (37) | [ ] Mass tort (40) <br> [ ] Securities litigation (28) <br> [ ] Environmental/Toxic tort (30) |
| [ ] Asbestos (04) <br> [ ] Product liability (24) <br> [ ] Medical malpractice (45) <br> [ ] Other PI/PD/WD (23) | **Real Property** <br> [ ] Eminent domain/Inverse condemnation (14) <br> [ ] Wrongful eviction (33) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) <br> [ ] Civil rights (08) <br> [ ] Defamation (13) <br> [ ] Fraud (16) <br> [ ] Intellectual property (19) <br> [ ] Professional negligence (25) <br> [ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer** <br> [ ] Commercial (31) <br> [ ] Residential (32) <br> [ ] Drugs (38) <br> **Judicial Review** <br> [ ] Asset forfeiture (05) <br> [ ] Petition re: arbitration award (11) | [ ] Enforcement of judgment (20) <br> **Miscellaneous Civil Complaint** <br> [ ] RICO (27) <br> [ ] Other complaint *(not specified above)* (42) <br> **Miscellaneous Civil Petition** <br> [ ] Partnership and corporate governance (21) |
| **Employment** <br> [ ] Wrongful termination (36) <br> [x] Other employment (15) | [ ] Writ of mandate (02) <br> [ ] Other judicial review (39) | [ ] Other petition *(not specified above)* (43) |

**2.** This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [x] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [x] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

**4.** Number of causes of action *(specify):* Six (6)

**5.** This case [x] is   [ ] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 7, 2010

H. Scott Leviant, Esq. (SBN 200834)
_____ ▶ _____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exhibit A Page 42

| SHORT TITLE: MUNOZ VS. CENTRAL PARKING SYSTEM, INC. | CASE NUMBER | BC 441087 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES  CLASS ACTION? [x] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 10 [ ] HOURS/ [x] DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner's Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4
LA-481

Exhibit A Page 43

| SHORT TITLE: MUNOZ VS. CENTRAL PARKING SYSTEM, INC. | CASE NUMBER | |

| | **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional<br>Negligence<br>(25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Employment | Wrongful Termination<br>(36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment<br>(15) | ☒ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| Contract | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections<br>(09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage<br>(18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract<br>(37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Eminent<br>Domain/Inverse<br>Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels _____ | 2. |
| | Wrongful Eviction<br>(33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property<br>(26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer -<br>Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer -<br>Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer -<br>Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Exhibit A Page 44

| SHORT TITLE: MUNOZ VS. CENTRAL PARKING SYSTEM, INC. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151 | Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 | Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 | Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150 | Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 | Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141 | Sister State Judgment | 2., 9. |
| | | ☐ A6160 | Abstract of Judgment | 2., 6. |
| | | ☐ A6107 | Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 | Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 | Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 | Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030 | Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 | Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 | Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 | Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121 | Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 | Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 | Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 | Election Contest | 2. |
| | | ☐ A6110 | Petition for Change of Name | 2., 7. |
| | | ☐ A6170 | Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 | Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

Exhibit A Page 45

| SHORT TITLE:  MUNOZ VS. CENTRAL PARKING SYSTEM, INC. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| [X]1.  ☐2.  ☐3.  ☐4.  ☐5.  ☐6.  ☐7.  ☐8.  ☐9.  ☐10. | 111 North Hill Street |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 | |
|---|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the STANLEY MOSK courthouse in the CENTRAL District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: July 7, 2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

H. Scott Leviant, Esq. of Spiro Moss

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Exhibit A Page 46

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

**FILED** SUM-100
Superior Court of California
County of Los Angeles

**JUL 07 2010**

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
GINA GRIDER

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CENTRAL PARKING SYSTEM, INC., a Tennessee corporation; and
DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

OSCAR MUNOZ, individually, and on behalf of all others similarly
situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso)*<br>**BC 441087** |

LOS ANGELES COUNTY SUPERIOR COURT-CENTRAL DISTRICT
111 North Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

H. Scott Leviant, Esq., Spiro Moss LLP, 11377 W. Olympic Blvd., 5th Fl., Los Angeles, CA 90064
t. (310) 235-2468; f. (310) 235-2456

| | | | |
|---|---|---|---|
| DATE: **JUL 07 2010**<br>*(Fecha)* **John A. Clarke** | Clerk, by<br>*(Secretario)* **GINA GRIDER** | | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit A Page 47

1 | Dennis F. Moss, Esq. (State Bar No. 77512)
2 | H. Scott Leviant, Esq. (State Bar No. 200834)
Linh Hua, Esq. (State Bar No. 247419)
3 | **SPIRO MOSS LLP**
11377 W. Olympic Blvd., 5th Floor
Los Angeles, California 90064-1683
4 | Telephone: (310) 235-2468
Facsimile: (310) 235-2456
5 | e-mail:    ira@spiromoss.com
scott@spiromoss.com
6 |            linh@spiromoss.com

7 | Sahag Majarian, II, Esq. (State Bar No. 146621)
**LAW OFFICES OF SAHAG MAJARIAN, II**
8 | 18250 Ventura Boulevard
Tarzana, California 91356
9 | Telephone: (818) 609-0807
Facsimile: (818) 609-0892
10 | sahagii@aol.com

11 | Attorneys for Plaintiff

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 22 2010

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

12 |      SUPERIOR COURT OF THE STATE OF CALIFORNIA

13 |                   COUNTY OF LOS ANGELES

14 |

15 | OSCAR MUNOZ, individually, and on behalf
of all others similarly situated,

16 |

17 |                 Plaintiff,

18 |         vs.

19 | CENTRAL PARKING SYSTEM, INC., a
Tennessee corporation;
20 | and DOES 1 through 10, inclusive,

21 |                 Defendants.

Case No.: BC 441087

[The Honorable Mel Red Recana; Dept. 45]

**NOTICE OF CASE DESIGNATION AND
REASSIGNMENT**

Complaint Filed: July 7, 2010

22 |       **PLEASE TAKE NOTICE** that the court has designated the above referenced matter

23 | as non-complex and has reassigned this case to the Honorable Mel Red Recana, Department

24 | 45 of the above referenced court. A copy of the Clerk's Minutes is attached hereto.

25 | DATED: July 21, 2010                      SPIRO MOSS LLP

26 |

27 |                                           By: _____
                                               H. SCOTT LEVIANT
28 |                                           Attorneys for Plaintiff

Exhibit A Page 48

Page 1
NOTICE OF CASE DESIGNATION AND REASSIGNMENT

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 07/16/10 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS | JUDGE A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff NONE | Reporter |

| 8:30 am | BC441087 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | OSCAR MUNOZ VS CENTRAL PARKING SYSTEM INC | Defendant Counsel | |
| | NON-COMPLEX (07-16-10) | | |

NATURE OF PROCEEDINGS:

COURT ORDER

This Court makes its determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated non-complex and is reassigned to Judge Mel Red Recana in Department 45 at Stanley Mosk Courthouse for all further proceedings.

Court orders any complex case fee paid to be refunded.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of service in Department 45 within five (5) days of service.

Any party objecting to the non-complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

Page 1 of 2 DEPT. 324

MINUTES ENTERED
07/16/10
COUNTY CLERK

Exhibit A Page 49

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | |
|---|---|---|---|
| DATE: 07/16/10 | | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS | JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | BC441087 | Plaintiff Counsel | NO APPEARANCES |
| | OSCAR MUNOZ VS CENTRAL PARKING SYSTEM INC | Defendant Counsel | |
| | NON-COMPLEX (07-16-10) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
07-16-10 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 07-16-10

John A. Clarke, Executive Officer/Clerk

By: _KIN HILAIRE_____
        K. HILAIRE

SPIRO & MOSS, LLP
Dennis F. Moss, Esq.
11377 West Olympic Boulevard, 5th Floor
Los Angeles, California  90064-1683

Page    2 of  2    DEPT. 324

MINUTES ENTERED
07/16/10
COUNTY CLERK

Exhibit A Page 50

NOTICE SENT TO:

Moss, Dennis F., Esq.
Spiro Moss LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles,        CA  90064-1683



**FILED**
LOS ANGELES SUPERIOR COURT

AUG 11 2010

JOHN A. CLARKE, CLERK

BY ILUMINADA SABALBURO, DEPUTY

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| OSCAR MUNOZ | Plaintiff(s), | BC441087 |
| VS. | | |
| CENTRAL PARKING SYSTEM INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>November 17, 2010</u> at <u>8:30 am</u> in <u>Dept. 45</u> at 111 North Hill Street, Los Angeles, California 90012.

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>August 11, 2010</u>                                    MEL RED RECANA
                                                          Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[  ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date: <u>August 11, 2010</u>                          John A. Clarke, Executive Officer/Clerk

                                            by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Exhibit A Page 51

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

NOTICE SENT TO:

Majarian, Sahag, II, Esq.
Law Offices of Sahag Majarian II
18250 Ventura Blvd.
Tarzana,            CA   91356

**FILED**
FILE STAMP
LOS ANGELES SUPERIOR COURT

AUG 11 2010

JOHN A. CLARKE, CLERK

BY ILUMINADA SABALBURO, DEPUTY

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| OSCAR MUNOZ | Plaintiff(s), | BC441087 |
| VS. | | |
| CENTRAL PARKING SYSTEM INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

## TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for November 17, 2010 at 8:30 am in Dept. 45 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:** THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date  August 11, 2010                                        MEL RED RECANA

                                                              Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[  ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date.  August 11, 2010                            John A. Clarke, Executive Officer/Clerk

                                                   by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)                            Cal. Rules of Court, rule 3.720-3.730
LASC Approved 10-03                               LASC Local Rules, Chapter Seven

Exhibit A Page 52

| SPIRO MOSS LLP<br>Dennis F. Moss, Esq. (SBN 77512)<br>H. Scott Leviant, Esq. (SBN 200834)<br>Linh Hua, Esq. (SBN 247419)<br>11377 West Olympic Boulevard, 5th Floor<br>Los Angeles, California 90064-1683<br>ATTORNEY FOR *(Name)* Plaintiff | (310) 235-2468 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>AUG 1 2 2010<br><br>John A. Clarke, Executive Officer/Clerk<br>BY _____ , Deputy<br>Victor Siao-Cruz |
|---|---|---|

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

PLAINTIFF/PETITIONER: OSCAR MUNOZ, individually, and on behalf of others similarly situated
DEFENDANT/RESPONDENT: CENTRAL PARKING SYSTEM, INC., a Tennessee corporation; et al.

| | HEARING DATE: | TIME: | DEPT/DIV.: | CASE NUMBER. |
|---|---|---|---|---|
| **PROOF OF SERVICE** | | | | BC 441087   45 |

1.  At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the (*specify document(s)*)
    NOTICE OF CASE DESIGNATION AND REASSIGNMENT

2.  a. Party served:      **CENTRAL PARKING SYSTEM, INC., a Tennessee corporation**

    b. Person served:     CSC Lawyers Incorporating Service, Inc., Agent for service of process
                          Service was received by Becky DeGeorge, Receptionist

    c. Address:           2730 Gateway Oaks Drive, Suite 100
                          Sacramento, California 95833

3.  I served the party in item 2
    a.      by personally delivering the copies      (1) on (*date*): 07/26/2010
                                                     (2) at (*time*): 11:00 a.m.

4.  Person serving (*name, address, and telephone No.*):

    Brandon Ortiz
    Ace Attorney Service, Inc.           f. Fee for service: $
    901 F Street Street, Suite 150
    Sacramento, California 95814         e. Registered California process server.
    (916) 447-4000                       (1) Employee or independent contractor.
                                         (2) Registration No.: 2010-43
                                         (3) County: SACRAMENTO

5.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Date:   August 11, 2010

                                         _____
                                              (*signature*)

#729207G

**PROOF OF SERVICE**

Exhibit A Page 53

FILED                                    POS-010
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

AUG 1 3 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
     Victor Sino-Cruz

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>SPIRO MOSS LLP<br>Dennis F. Moss, Esq. (SBN 77512); H. Scott Leviant, Esq. (SBN 200834)<br>Linh Hua, Esq. (SBN 247419)<br>11377 West Olympic Boulevard, 5th Floor, Los Angeles, California 90064-1683<br>TELEPHONE NO.: (310) 235-2468    FAX NO. *(Optional)*: (310) 235-2456<br>E-MAIL ADDRESS *(Optional)*: ira@spiromoss.com; scott@spiromoss.com; linh@spiromoss<br>ATTORNEY FOR *(Name)*: Plaintiff | |

| | CASE NUMBER: |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, California 90012<br>BRANCH NAME: CENTRAL DISTRICT | |

| PLAINTIFF/PETITIONER: Oscar Munoz, individually, and on behalf of all<br>DEFENDANT/RESPONDENT: Central Parking System, Inc., etc., et al. | CASE NUMBER:<br>BC441087   45 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>727789W |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents)*: Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment—Unlimited Civil Case
3. a. Party served *(specify name of party as shown on documents served)*:
   CENTRAL PARKING SYSTEM, INC., a Tennessee corporation
   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   CSC Lawyers Incorporating Service, Inc., Agent for service of process by serving Bradley Ellison
4. Address where the party was served:
   2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833-3503
5. I served the party *(check proper box)*
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: July 19, 2010    (2) at *(time)*: 12:00 p.m.
   b. ☐ by substituted service. On *(date)*:        at *(time)*:        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left *(Code Civ. Proc., § 415.20)*. I mailed the documents on *(date)*:        from *(city)*:        or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 (Rev. January 1, 2007) | PROOF OF SERVICE OF SUMMONS | Page 1 of 2<br>Code of Civil Procedure, § 417.10<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

Exhibit A Page 54

| PLAINTIFF/PETITIONER: Oscar Munoz, individually, and on behalf of all | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Central Parking System, Inc., etc., et al. | BC441087 |

5.   c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

        (1) on *(date)*:         (2) from *(city)*:

        (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

        (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ by other means *(specify means of service and authorizing code section)*:

        ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify)*: CENTRAL PARKING SYSTEM, INC., a Tennessee corporation
       under the following Code of Civil Procedure section:

       ☑ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
       ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
       ☐ 416.30 (joint stock company/association)        ☐ 416.70 (ward or conservatee)
       ☐ 416.40 (association or partnership)        ☐ 416.90 (authorized person)
       ☐ 416.50 (public entity)        ☐ 415.46 (occupant)
                          ☐ other:

7. Person who served papers
   a. Name: Evan Vincent Corder, Ace Attorney Service, Inc.
   b. Address: 901 F Street, Suite 150, Sacramento, California 95814
   c. Telephone number: (916) 447-4000
   d. The fee for service was: $
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ a registered California process server:
          (i) ☐ owner ☑ employee ☐ independent contractor.
          (ii) Registration No.: 2009-04
          (iii) County: SACRAMENTO

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

       or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: July 20, 2010

EVAN VINCENT CORDER
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____ (SIGNATURE)

Exhibit A Page 55

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## CV10- 6172 PA (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

FILED

10 AUG 18 PM 3: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

KEITH A. JACOBY, Bar No. 150233
GREGORY P. WONG, Bar No. 204502
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583
E-mail: kjacoby@littler.com
E-mail: gwong@littler.com

Attorneys for Defendant
CENTRAL PARKING SYSTEM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR MUNOZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL PARKING SYSTEM, INC., a Tennessee corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV10 6172 PA (RCx)<br><br>**DECLARATION OF HENRY J. ABBOTT IN SUPPORT OF NOTICE OF REMOVAL OF ACTION**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>Complaint Filed: July 7, 2010 |

**ABBOTT DECLARATION ISO
NOTICE OF REMOVAL**

Conformed Copy

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

I, Henry J. Abbott, hereby declare as follows:

1. I am employed by Central Parking System, Inc. ("The Company") as its Secretary and Deputy General Counsel in Nashville, Tennessee. My primary work responsibilities involve providing legal advice to the Company.

2. The information set forth in this declaration is based on my personal knowledge or information obtained from corporate records (hard copy and/or electronic) which I have reviewed in the course of my duties. If called and sworn as a witness, I could and would testify competently thereto.

3. The corporate records from which I obtained information were prepared and maintained in the ordinary course of business, were prepared at or near the time of the events or matters described therein, and to the best of my knowledge and belief record such data accurately. I have access, either directly or indirectly, to these business and corporate records in the ordinary course of business. I periodically refer to such records for work-related reasons.

4. In my capacity as Secretary and Deputy General Counsel, I am familiar with the operations and corporate structure of Central Parking System, Inc.

5. Defendant Central Parking System, Inc. is a licensed Tennessee Corporation engaged in the business of owning, operating and managing parking facilities and related services.

6. Central Parking System, Inc. is incorporated in the state of Tennessee. Central Parking System, Inc. maintains its corporate headquarters in Nashville, Tennessee. Key executives of Central Parking System, Inc. are domiciled at the Company's Nashville, Tennessee headquarters. The Company's strategies and operational goals and initiatives are developed and adopted in the Company's Nashville, Tennessee headquarters. Nashville, Tennessee is also where the Company's centralized administrative functions and operations are based. Nashville, Tennessee is the actual center of direction, control and coordination for Central Parking System, Inc.'s operations.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

**ABBOTT DECLARATION ISO
NOTICE OF REMOVAL**

2.

1    7.    During the course of his employment with Central Parking System,

2  Inc., Plaintiff Oscar Munoz was employed and worked in the state of California,

3  County of Los Angeles.   Plaintiff's last known residence address is in Rosemead,

4  California.

5         I declare under penalty of perjury under the laws of the United States of

6  America that the foregoing is true and correct.

7         Dated this _17th_ day of August, 2010 at Nashville, Tennessee.

8

9                                        _____
                                         HENRY J. ABBOTT
10                                       Secretary and Deputy General Counsel

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

KEITH A. JACOBY, Bar No. 150233
GREGORY P. WONG, Bar No. 204502
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583
E-mail: kjacoby@littler.com
E-mail: gwong@littler.com

Attorneys for Defendant
CENTRAL PARKING SYSTEM, INC.

10 AUG 18 PM 3: 26

CLERK U S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

OSCAR MUNOZ, individually, and on
behalf of all others similarly situated,

Plaintiff,

v.

CENTRAL PARKING SYSTEM,
INC., a Tennessee corporation; and
DOES 1 through 10, inclusive,

Defendants.

Case No. CV10 6172 PA
(RCx)

DECLARATION OF HULION
JACKS IN SUPPORT OF NOTICE
OF REMOVAL OF ACTION

[28 U.S.C. §§ 1332, 1441, 1446]

Complaint Filed: July 7, 2010

I, Hulion Jacks, hereby declare as follows:

1.   I am employed by Central Parking System, Inc. ("The Company") as a System Analyst in Nashville, Tennessee. As a System Analyst, I am familiar with the Company's procedures for creating and maintaining its payroll system. The payroll system used by Central Parking System, Inc. is called Ultimate Software HRMS/Payroll ("Ultipro"). The system is maintained by Central Parking System, Inc. and is used for the purposes of both payroll and benefits. My primary work responsibilities involve running various reports using the Company's payroll system.

2.   The information set forth in this declaration is based on my personal knowledge or information obtained from my review of the Company's payroll system and the data contained therein, which I review regularly in the course of my job duties. If called and sworn as a witness, I could and would testify competently thereto.

3.   The records within the payroll system from which I obtained the information set forth in this declaration are prepared and maintained in the ordinary course of business, were prepared at or near the time of the events or matters described therein, and to the best of my knowledge and belief record employee payroll data accurately. I have access to these employee payroll records in the ordinary course of business and I regularly refer to such records for work-related reasons.

4.   On or about August 17, 2010, I prepared a report, based on information contained within the Company's payroll system, which accurately reflects the total number of non-exempt employees paid by Central Parking System, Inc. in the state of California from July 7, 2006 through July 7, 2010. A true and correct copy of this report is attached hereto as Exhibit "A."

5.   Also on August 17, 2010, I prepared another report, based on information contained in the Company's payroll system, which accurately reflects the total number of non-exempt employees paid by Central Parking System, Inc. in the state of California during each year from July 7, 2006 through July 7, 2010. A true

2.

1   and correct copy of this report is attached hereto as Exhibit "B."

2         6.    On or about August 18, 2010, I prepared a report, based on

3   information contained within the Company's payroll system, which accurately reflects

4   the total number of non-exempt employees paid by Central Parking System, Inc. in the

5   state of California from July 7, 2009 through July 7, 2010.  A true and correct copy of

6   this report is attached hereto as Exhibit "C."

7         7.    Also on August 18, 2010, I prepared a report, based on information

8   contained within the Company's payroll system, which accurately reflects the average

9   number of non-exempt employees paid by Central Parking System, Inc. in the state of

10  California who were employed during the entire year, taking into account each year

11  from January 1, 2006 to December 31, 2009.  A true and correct copy of this report is

12  attached hereto as Exhibit "D."

13        8.    Between July 7, 2006 and July 7, 2010, Defendant employed at

14  least 4, 698 non-exempt hourly employees in the State of California.

15        9.    Between July 7, 2006 and December 31, 2006, Defendant

16  employed at least 1,322 non-exempt hourly employees in the state of California.

17        10.    Between January 1, 2007 and December 31, 2007, Defendant

18  employed at least 2,956 non-exempt hourly employees in the state of California.

19        11.    Between January 1, 2008 and December 31, 2008, Defendant

20  employed at least 2,600 non-exempt hourly employees in the state of California.

21        12.    Between January 1, 2009 and December 31, 2009, Defendant

22  employed at least 2,344 non-exempt hourly employees in the state of California.

23        13.    Between January 1, 2010 and July 7, 2010, Defendant employed at

24  least 1,894 non-exempt hourly employees in the state of California.

25        14.    Between July 7, 2009 and July 7, 2010, Defendant employed at

26  least 2,247 non-exempt hourly employees in the state of California.

27        15.    Based on data that I queried from the Ultipro system and

28  calculations using that data, which were performed by my colleague and reviewed by

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1    me, during the putative class period, the average hourly rate for all non-exempt hourly

2    employees was at least $11.47/hour.   Throughout the putative class period,

3    Defendant's employees were paid every two weeks.

4          16.   Based on my preliminary calculations using data from the Ultipro

5    system, and as reflected in Exhibit D, between January 1, 2006 and December 31,

6    2009, on average, 43.49% of the employees who worked for the Company were

7    employed for the entire year.  Based on Exhibit D and my general knowledge of the

8    payroll data and the Company's business, I am confident that the 30% estimate used

9    in the calculation of the amount in dispute in this case is conservative and certainly

10   exceeded by the actual number.

11

12          I declare under penalty of perjury under the laws of the United States of

13   America that the foregoing is true and correct.

14          Dated this  _18_  day of August, 2010 at Nashville, Tennessee.

15

16                              _Hulion Jacks_
                                HULION JACKS

17

18   Firmwide.96921990.2 024404.1079

19

20

21

22

23

24

25

26

27

28

4.

Employees Paid

| CPSPA | EEs Paid 200607071_201007071 |
|---|---|
| CPSCA | 4,698 |



*Exhibit A Page 5*

EEs Paid by Year

| CPSPA | Year | EEs Paid 200607071_201007071 |
|---|---|---|
| CPSCA | 2006 | 1,322 |
| | 2007 | 2,956 |
| | 2008 | 2,600 |
| | 2009 | 2,344 |
| | 2010 | 1,894 |
| | | 11,116 |



08/20/10

Exhibit B Page 6

Sheet1

| CPSPA | EEs Paid 200907071_201007071 |
|---|---|
| CPSCA | 2,247 |



*Exhibit C Page 7*

| CPSPA | Group Description | EE Count | % |
|---|---|---|---|
| CPSCA | 2006-2009 EEs Paid 26 Pay Periods | 2,118 | 43.49% |
| | 2006-2009 EEs Paid Less Than 26 Pay Periods | 2,752 | 56.51% |
| Total: | | 4,870 | |



Exhibit D Page 8

Conformed Copy

1  KEITH A. JACOBY, Bar No. 150233
   GREGORY P. WONG, Bar No. 204502
2  LITTLER MENDELSON
   A Professional Corporation
3  2049 Century Park East
   5th Floor
4  Los Angeles, CA 90067.3107
   Telephone: 310.553.0308
5  Facsimile: 310.553.5583
   E-mail: kjacoby@littler.com
6  E-mail: gwong@littler.com

7  Attorneys for Defendant
   CENTRAL PARKING SYSTEM, INC.

8

FILED

10 AUG 18 PM 3: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11  OSCAR MUNOZ, individually, and on      Case No. CV10 6172-PA
    behalf of all others similarly situated,                  (RCx)
12                                          NOTICE OF INTERESTED
                  Plaintiff,                PARTIES
13
                                            [LOCAL RULE 7.1-1]
14  v.
                                            Complaint Filed: July 7, 2010
15  CENTRAL PARKING SYSTEM,
    INC., a Tennessee corporation; and
16  DOES 1 through 10, inclusive,

17                Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:

The undersigned, counsel of record for Defendant Central Parking System, Inc. ("Defendant") in the above-captioned matter, certifies that to Defendant's knowledge the following listed parties may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

1. Plaintiff Oscar Munoz

2. Defendant Central Parking System, Inc.

Dated: August 18, 2010

KEITH A. JACOBY
GREGORY P. WONG
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
CENTRAL PARKING SYSTEM, INC.

Firmwide:96860427.2 024404.1079

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Conformed Copy

KEITH A. JACOBY, Bar No. 150233
GREGORY P. WONG, Bar No. 204502
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
Telephone:  310.553.0308
Facsimile:   310.553.5583
E-mail: kjacoby@littler.com
E-mail: gwong@littler.com

Attorneys for Defendant
CENTRAL PARKING SYSTEM, INC.

FILED

10 AUG 18  PM 3: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

OSCAR MUNOZ, individually, and on behalf of all others similarly situated,

                    Plaintiff,

v.

CENTRAL PARKING SYSTEM, INC., a Tennessee corporation; and DOES 1 through 10, inclusive,

                    Defendants.

Case No. CV10  6172 -PA (CRGx)

NOTICE OF RELATED CASES

[LOCAL RULE 83-1.3.1]

Complaint Filed:  July 7, 2010

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL
2  DISTRICT OF CALIFORNIA:
3        Pursuant to United States District Court for the Central District of California
4  Local Rule 83-1.3.1, counsel for Defendant Central Parking System, Inc.
5  ("Defendant") hereby avers that:
6        1.     To Defendant's knowledge, no action previously filed or currently
7  pending in the Central District appears to arise from the same or substantially identical
8  transactions, happenings, or events as in the pending lawsuit of Oscar Munoz
9  ("Plaintiff");
10       2.     To Defendant's knowledge, no action previously filed or currently
11 pending in the Central District appears to call for determination of the same or
12 substantially related or similar questions of law and fact as Plaintiff's pending lawsuit;
13       3.     To Defendant's knowledge, no action previously filed or currently
14 pending in the Central District appears likely to entail substantial duplication of labor
15 if heard by a different judge; and
16       4.     Plaintiff's pending lawsuit does not involve issues of patent, trademark,
17 or copyright.
18 Dated:   August 18, 2010
19
20
21                                        KEITH A. JACOBY
                                          GREGORY P. WONG
22                                        LITTLER MENDELSON
                                          A Professional Corporation
23                                        Attorneys for Defendant
                                          CENTRAL PARKING SYSTEM, INC.
24
   Firmwide:96860261.1 024404.1079
25
26
27
28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles CA 90067 3107
310 553 0308

2.

### PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On August 19, 2010, I served the within document(s):

**NOTICE TO STATE COURT AND ALL ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§1332, 1441(B) & 1446 BY CENTRAL DISTRICT PARKING SYSTEM, INC.**

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

| | |
|---|---|
| Dennis F. Moss, Esq.<br>H. Scott Leviant, Esq.<br>Linh Hua, Esq.<br>SPIRO MOSS LLP<br>11377 W. Olympic Boulevard, 5th Floor<br>Los Angeles, CA 90064-1683<br>Phone: 310.310.235.2468<br>Fax: 310.235.2456<br>Email: ira@spiromoss.com<br>     scott@spiromoss.com<br>     linh@spiromoss.com | Sarag Majarian, II, Esq.<br>LAW OFFICES OF SAHAG MARJARIAN, II<br>18250 Ventura Boulevard<br>Tarzan, CA 91356<br>Phone: 818.609.0807<br>Fax: 818.609.0892<br>Email: sahagii@aol.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 19, 2010, at Los Angeles, California.

_____
Nora Palencia

Firmwide:96857685.1 024404.1079

LITTLER MENDELSON<br>A Professional Corporation<br>2049 Century Park East<br>5th Floor<br>Los Angeles, CA 90067.3107<br>310.553.0308

# EXHIBIT F

1 | Dennis F. Moss, Esq. (State Bar No. 77512)
2 | H. Scott Leviant, Esq. (State Bar No. 200834)
  | Linh Hua, Esq. (State Bar No. 247419)
3 | **SPIRO MOSS LLP**
  | 11377 W. Olympic Blvd., 5th Floor
4 | Los Angeles, California 90064-1683
  | Telephone: (310) 235-2468
5 | Facsimile: (310) 235-2456
  | e-mail:     dennisfmoss@yahoo.com
6 |                  scott@spiromoss.com
  |                  linh@spiromoss.com

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 0 1 2010

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
GLORIETTA ROBINSON

7 | Sahag Majarian, II, Esq. (State Bar No. 146621)
8 | **LAW OFFICES OF SAHAG MAJARIAN, II**
  | 18250 Ventura Boulevard
  | Tarzana, California 91356
9 | Telephone: (818) 609-0807
  | Facsimile: (818) 609-0892
10 | sahagii@aol.com

11 | Attorneys for Plaintiff

12 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

13 | COUNTY OF LOS ANGELES

14 | OSCAR MUNOZ, individually, and on behalf | Case No.: BC441087
   | of all others similarly situated,
15 |                                          | CLASS ACTION
   |                 Plaintiff,
16 |                                          | [The Honorable Mel Red Recana; Dept. 45]
   |        vs.
17 |                                          | **NOTICE OF CASE MANAGEMENT**
   | CENTRAL PARKING SYSTEM, INC., a          | **CONFERENCE**
18 | Tennessee corporation;
   | and DOES 1 through 10, inclusive,
19 |
   |                                          | Complaint Filed: July 7, 2010
20 |                 Defendants.

21 |

22 |     **PLEASE TAKE NOTICE** that the Court has scheduled a Case Management

23 | Conference in the above-referenced matter for November 17, 2010, at 8:30 a.m. in

24 | Department 45 of the above referenced court.  A copy of the court's notice is attached hereto.

25 |

26 | DATED: August 31, 2010              SPIRO MOSS LLP

27 |                         By: _____
                                Linh Hua
28 |                                Attorneys for Plaintiff

---

**NOTICE OF CASE MANAGEMENT CONFERENCE**

ORIGINAL FILED

FILE STAMP
AUG 11 2010

LOS ANGELES
SUPERIOR COURT

NOTICE SENT TO:

Moss, Dennis F., Esq.
Spiro Moss LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles,      CA  90064-1683

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | CASE NUMBER |
|---|---|---|---|
| OSCAR MUNOZ | | Plaintiff(s), | BC441087 |
| | VS. | | |
| CENTRAL PARKING SYSTEM INC | | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>November 17, 2010</u> at <u>8:30 am</u> in <u>Dept. 45</u> at 111 North Hill Street, Los Angeles, California 90012.

NOTICE TO DEFENDANT:      THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>August 11, 2010</u>

**MEL RED RECANA**

_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[   ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[   ] by personally giving the party notice upon filing the complaint.

Date: <u>August 11, 2010</u>

John A. Clarke, Executive Officer/Clerk

by _____ **ILUMINADA SABALBURO** Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

1

**PROOF OF SERVICE**
**MUNOZ v. CENTRAL PARKING SYSTEM, INC.**
**LASC CASE NO. BC 441087**

2

3    I am over the age of eighteen years and not a party to the within action. My business address is 11377 W. Olympic Blvd., 5TH Floor, Los Angeles, CA 90064-1683. I am employed at that address at the firm of Spiro Moss LLP.

4

5    On the date set forth below I served the document(s) described as NOTICE OF CASE MANAGEMENT CONFERENCE on all the interested parties in this action, by placing: [ ] the original [X] true copies thereof enclosed in sealed envelopes, addressed as follows, which addresses are the addresses last given by the respective addressees on any document filed in the above case and served on Spiro Moss LLP:

6

7

8

| | |
|---|---|
| Keith A. Jacoby, Esq.<br>Gregory P. Wong, Esq.<br>**LITTLER MENDELSON**<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA 90067-3107<br><br><br>*Attorneys for Defendant Central Parking*<br>*System, Inc.* | Sahag Majarian, II, Esq.<br>**LAW OFFICES OF SAHAG MAJARIAN,**<br>**II**<br>18250 Ventura Blvd.<br>Tarzana, CA 91356<br><br><br>*Attorneys for Plaintiff Oscar Munoz* |

9

10

11

12

13

14    [X]    **BY MAIL:** I am readily familiar with this firms's practice of collection and processing correspondence for mailing with the LLP at the above address, I placed the envelope(s) containing said document(s), sealed, for collection and mailing on that date with the United States Postal Service following ordinary business practices. Under the above-mentioned practice of Spiro Moss LLP, the above document(s) would be deposited with the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid at Los Angeles, California.

15

16

17

18    [ ]    **BY FACSIMILE** On the date set forth below, I transmitted the above document(s) from facsimile machine number (310) 235-2456, in compliance with transmission as provided in California Rule of Court 2008. The fax number(s) that I used are shown above or on the attached Service List, along with the names of recipients and the interested parties. The Facsimile Machine I used complied with California Rule of Court 2003(3). The transmission was reported as complete and without error by the machine, which properly issued the transmission report.

19

20

21

22    [X]    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24    [ ]    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25    Executed at Los Angeles County, California, on August 31, 2010.

26

27    Diana Lee

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV12- 7929 DDP (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Oscar Munoz, individually, and on behalf of all others similarly situated | Central Parking System, Inc., a Tennessee corporation; and DOES 1 through 10, inclusive |

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

| | | Attorneys (If Known) |
|---|---|---|
| Ira Spiro, Linh Hua | Sahag Majarian, II | Keith A. Jacoby (SBN 150233) |
| Spiro Moore LLP | Law Offices of Sahag Majarian, II | Gregory P. Wong (SBN204502), Carlos Jimenez (SBN227534) |
| 11377 W. Olympic Blvd. | 18250 Ventura Blvd. | Littler Mendelson, P.C. |
| Fifth Floor | | 2049 Century Park East |
| Los Angeles, CA 90064 | Tarzana, CA 91356 | Fifth Floor |
| T: (310) 235-2468 | T: (818) 609-0807 | Los Angeles, CA 90067 |
| | | T: (310) 553-0308 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The District Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 (d), 1441 & 1446 because the matter in controversy exceeds the value of $5,000,000 and is a class action in which at least one member of the plaintiff class is a citizen of a different state than Defendant.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12- 07929

| FOR OFFICE USE ONLY: | Case Number: |
|---|---|

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                          CIVIL COVER SHEET                                          Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☒ Yes

If yes, list case number(s): CV-10-06172-PA-(RCx)

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State of Tennessee |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _(signature)_ GREGORY P. WONG Date September 13, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com